RECEIPT NUMBER
503228

19 pages

EX. A - D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDI AG, a German Corporation and
VOLKSWAGEN of AMERICA, INC., a
New Jersey corporation,

        Plaintiffs,

v.

BOB D'AMATO, an individual d/b/a
QUATTRO ENTHUSIASTS, an entity of
unknown origin,

        Defendants.

JUDGE : Borman, Paul D.
DECK : S. Division Civil Deck
FILE DATE : 02/23/2004 @ 15:49:02
CASE NO : 2:04CV70665

MAGISTRATE JUDGE CAPEL

## COMPLAINT

Plaintiffs Audi AG and Volkswagen of America, Inc. (collectively "Audi") complain of defendants Bob D'Amato d/b/a Quatto Enthusiasts (collectively "Defendants") as follows:

## SUBSTANCE OF THE ACTION

1. This is a complaint for infringement and dilution of Audi's world famous trademarks AUDI®, the AUDI RING LOGO®, QUATTRO® and the distinctive trade dress of Audi automobiles (collectively the "Audi Trademarks") and for related claims based on Defendants' unauthorized use of the Audi Trademarks in Defendants' business name, in advertisements, and in the Internet domain name AUDISPORT.COM. Audi alleges claims for federal trademark and trade dress dilution, federal trademark infringement, false designation of origin or sponsorship, false advertising, trade dress

1

infringement, and cyberpiracy under Sections 43(c), 32(1), 43(a), and 43(d) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1125(c), 1114(1), 1125(a), and 1125(d) and trademark infringement under common law. Audi seeks a preliminary and permanent injunction preventing Defendants from using the distinctive Audi Trademarks, including the Internet domain name AUDISPORT.COM, along with an award of damages, treble damages, and Audi's attorneys' fees and costs.

## THE PARTIES

2. Plaintiff Audi AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business in Wolfsburg, Germany.

3. Plaintiff Volkswagen of America, Inc. is a corporation organized under the laws of the State of New Jersey with its principal place of business in Auburn Hills, Michigan.

4. Defendant Bob D'Amato is an individual and does business as Quattro Enthusiasts and is the owner of AUDISPORT.COM.

5. Defendant Quattro Enthusiasts is an entity of unknown character and origin with its principle place of business at 27 Butler St., Meriden, CT 06450.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action pursuant to:

(a) Judicial Code, 28 U.S.C. § 1331, relating to "federal question" jurisdiction;

(b) Section 39 of the Lanham Act, 15 U.S.C. § 1121, giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

(c) Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), relating to the counterfeit, reproduction, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods;

(d) Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), relating to the use of false designations of origin and/or sponsorship tending falsely to describe or designate the source, and/or sponsorship of goods affecting commerce, and relating to false advertising and trade dress infringement and dilution;

(e) Section 43(c) of the Lanham Act, 15 U.S.C., Section 1125(c), relating to dilution;

(f) The Judicial Code, 28 U.S.C. § 1338(a), conferring on this Court jurisdiction over actions arising under federal trademark laws;

(g) The Judicial Code, 28 U.S.C. § 1338(b), relating to claims of unfair competition "joined with a substantial and related claim under the ... trademark laws"; and

(h) The Judicial Code, 28 U.S.C. § 1367 providing for supplemental jurisdiction over the state law claims in this action.

7. Defendants are subject to personal jurisdiction in this District on several, independent bases. First, the violation of a trademark holder's trademark rights occurs where the trademark holder resides. Second, Defendants operated an interactive website at AUDISPORT.COM that solicits and allows Michigan residents to order and purchase goods and services on the Internet. The operation of such a website subjects Defendants to personal jurisdiction in the State of Michigan. See e.g., Audi AG v. Izumi, 204

F.Supp.2d 1014 (E.D. Mich. 2002) (interactive website that allows Michigan residents to order products subjects defendant to personal jurisdiction in Michigan).

## GENERAL ACTIONS
### *Audi's Trademark Rights*

8.  For many decades, Audi has used the trademarks AUDI® and the AUDI RING LOGO® in connection with the sale, distribution, maintenance, service, and repair of Audi automobiles and related products and services. Similarly, Audi has used the trademark QUATTRO® in connection with its automobiles and related products and services since 1982.

9.  Audi owns several United States trademark registrations for the world-famous trademarks AUDI® and the AUDI RING LOGO®. Audi first registered the trademark AUDI® in the United States in 1960. Audi first registered the AUDI RING LOGO® trademark in 1969. Audi first registered the trademark QUATTRO® in the United States in 1984. Audi's trademark registrations for the Audi Trademarks include U.S. Registration Nos. 2083439, 2073484, 1928291, 1793869, 1416584, 1416538, 1416583, 1079063, 0708352 and 1283271. These registrations are valid, unrevoked, subsisting, and incontestible, and constitute prima facie evidence of Audi's exclusive ownership of the Audi Trademarks. True and correct copies of representative trademark registrations for AUDI®, the AUDI RING LOGO®, and QUATTRO® are attached hereto as Exhibit A.

10. Audi has spent millions of dollars and has expended significant effort in advertising, promoting, protecting, and developing the Audi Trademarks throughout the world. As a result of such advertising and expenditures, Audi has established considerable goodwill in the Audi Trademarks. The Audi Trademarks have become widely known and recognized throughout the world as a symbol of high quality automotive goods and services.

11. Audi has used the Audi Trademarks since long before the acts of Defendants complained of herein. The Audi Trademarks are famous and distinctive, and have come to be associated by the consuming public exclusively with the products marketed by Audi. The Audi Trademarks are invaluable assets of substantial and inestimable worth to Audi.

### *Defendants' Violations of Audi's Trademark Rights*

12. Subsequent to Audi's development and use of the Audi Trademarks, and subsequent to their registration of the same, and without the consent of Audi or its predecessors, Defendants began using the Audi Trademarks, or confusingly similar versions of them in Defendants' business name, in connection with the advertising of Defendants' products and services and in the Internet domain name AUDISPORT.COM.

13. Defendants are in no way affiliated with, authorized, or sponsored by Audi and have no authority to use the Audi Trademarks to identify their products, services, or goods they advertise, promote, or sell.

14. Defendants' website AUDISPORT.COM is targeted to loyal customers and enthusiasts of Audi. Defendants have attempted to capitalize on and profit from the substantial goodwill that Audi has developed in the Audi Trademarks by prominently displaying the AUDI RING LOGO® on its website, by using the domain name AUDISPORT.COM, and by using the business name "Quattro Enthusiasts." Defendants have made commercial use of the website AUDISPORT.COM by selling electronic services, such as email and hosting services, and advertising. A copy of the website that was displayed at AUDISPORT.COM when Audi first contacted Defendants is attached hereto Exhibit B.

15. Defendants falsely represent that they have obtained a license from Audi to use its trademarks. Defendants' website states[1]: "While we are not an official part of Audi of America, we have a signed agreement allowing usage of Audi-owned

---

[1] See http://www.audisport.com/sponsors.html [attached hereto as Exhibit B]

5

tradenames." Defendants have no such agreement, and no authorization to use Audi's trademarks or tradenames.

16. Defendants' use of the Audi Trademarks in conjunction with the advertisement, promotion, and sale of Defendants' products and services constitutes a misappropriation of the Audi Trademarks and associated good will, and is likely to cause potential purchasers of Defendants' products and services, as well as the public at large, to believe that Defendants' products are affiliated with, authorized, sponsored by, or endorsed by Audi. In addition, Defendants' wrongful use of the Audi Trademarks or confusingly similar versions thereof, dilutes, tarnishes, and whittles away the distinctiveness of the Audi Trademarks.

17. Defendants continue to use the Audi Trademarks and/or intentionally similar versions thereof with actual knowledge of Audi's prior adoption and use of the Audi Trademarks. Audi first contacted Defendants on December 19, 2003 and again on January 8, 2004 to request the Defendants cease and desist from their unlawful activity. True and correct copies of such correspondence are attached hereto as Exhibit C. Defendants have carried out and continue to carry out such acts with the intent to mislead and deceive consumers and the public in general. In so doing, Defendants have caused irreparable damage to the Audi Trademarks and to the good will of Audi in the Audi Trademarks.

18. Audi exercises great care and exerts substantial effort to control the nature and quality of the goods and services provided under the Audi Trademarks.

### *The Internet and Domain Name Registration*

19. In response to the widespread epidemic of cyberpiracy, Congress passed, and the President signed into law, the Anticybersquatting Consumer Protection Act (the "Cyberpiracy Act"). In passing the Cyberpiracy Act, Congress indicated its intent to address the increasing epidemic of cyberpirates who "registered, trafficked in, or used the

offending domain name with bad-faith intent to profit from the goodwill of a mark belonging to someone else." Conference Report H.R. No. 106-464 (Nov. 9, 1999). As Senator Hatch observed in supporting passage of the Cyberpiracy Act:

> [T]oday the Senate considers legislation to address the serious threats to American consumers, businesses, and the future of electronic commerce, which derive from the deliberate, bad-faith registration of Internet domain names in violation of the rights of trademark owners. For the Net-savvy, this burgeoning form of cyber-abuse is known as "cybersquatting." For the average consumer, it is simply fraud, deception, and the bad-faith trading on the goodwill of others.

Congressional Record–Senate, August 5, 1999, S10515.

20. Section 3002 of the Cyberpiracy Act provides in pertinent part:

CYBERPIRACY PREVENTION

> A person shall be liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person –
> (i) has a bad faith intent to profit from that mark . . .; and
> (ii) registers, traffics in, or uses a domain name that –
> (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
> (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark.

### *Defendants' Cyberpiracy*

21. In violation of the Cyberpiracy Act, Defendants acquired or registered the Internet domain name AUDISPORT.COM. A copy of the WHOIS[2] record for AUDISPORT.COM showing Defendants as the registrants of the domain name is attached hereto as Exhibit D. Defendants' actions

---

[2] Domain name registrars maintain a "Whois" database that contains data regarding domain name registrations. The WHOIS database contains information such as the registrant of the domain name, the registrant's mailing address and other contact information, and the registration and expiration dates for a domain name.

7

conclusively demonstrate that defendants have a bad faith intent to profit from the use of the trademark AUDI® in the Internet domain name AUDISPORT.COM. There can be no question that the AUDI® trademark was famous and distinctive in 1999, when Defendants registered the domain name AUDISPORT.COM. Defendants' bad faith is evinced by the fact that Defendants have no trademark or other intellectual property rights in the trademark AUDI®, and Defendants have made commercial use of the domain name AUDISPORT.COM.

FIRST CLAIM FOR RELIEF
(TRADEMARK AND TRADE DRESS DILUTION UNDER 15 U.S.C. § 1125(c))

22. Audi realleges and incorporates herein the allegations contained above.

23. The Audi Trademarks have become famous and distinctive worldwide through Audi's continuous and exclusive use of the Audi Trademarks in connection with Audi's products and services.

24. Because Audi products and services have gained a reputation for superior quality, durability, and performance, the Audi Trademarks (which are always used in connection with Audi products and services) have gained substantial renown.

25. Defendants have willfully and intentionally used and continue to use the Audi Trademarks, and counterfeits thereof, in connection with the advertisement, promotion, and sale of Defendants' products and services.

26. Defendants' use of the Audi Trademarks and trade dress, and counterfeits thereof, has caused and continues to cause irreparable injury to and dilution of the Audi Trademarks' distinctive quality in violation of Audi's rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of the Audi Trademarks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Audi Trademarks.

27. Defendants have used and continue to use the Audi Trademarks or counterfeits thereof, willfully and with the intent to dilute the Audi Trademarks, and with the intent to trade on the reputation and good will associated with the Audi Trademarks.

28. As a direct and proximate result of Defendants' conduct, Audi has suffered irreparable harm to the valuable Audi Trademarks.

29. Unless Defendants are enjoined, the valuable Audi Trademarks will continue to be irreparably harmed and diluted. Audi has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' actions are allowed to continue.

30. Defendants have used and continue to use the Audi Trademarks, trade dress, or counterfeits thereof, willfully and with the intent to dilute the Audi Trademarks, and with the intent to trade on the reputation and goodwill of Audi and of the Audi Trademarks. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 111(a).

31. As a direct and proximate result of Defendants' conduct, Audi has suffered damages to the valuable Audi Trademarks, and other damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
(FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114)

32. Audi realleges and incorporates herein by reference the allegations above.

33. Audi and its predecessors have demanded that Defendants refrain from the use of the Audi Trademarks and counterfeits of the Audi Trademarks as described above. Despite Audi's well-known prior rights in the Audi Trademarks, Defendants have used and continue to use, without Audi's authorization, the Audi Trademarks, or counterfeits, copies, reproductions or colorable imitations thereof in connection with the advertisement, promotion, and sale of Defendants' products and services.

34. Defendants' actions constitute willful infringement of Audi's exclusive rights in the Audi Trademarks in violation of 15 U.S.C. § 1114.

35. Defendants' use of the Audi Trademarks, counterfeits, copies, reproductions, or colorable imitations thereof has been and continues to be done with the

intent to cause confusion, mistake, and to deceive consumers concerning the source and/or sponsorship of Defendants' products and services. Defendants have used counterfeits of the Audi Trademarks in connection with its products with the knowledge that the marks are counterfeits and with the intent to use counterfeits. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

36. As a direct and proximate result of Defendants' conduct, Audi has suffered irreparable harm to the valuable Audi Trademarks. Unless Defendants are restrained from further infringement of the Audi Trademarks, Audi will continue to be irreparably harmed.

37. Audi has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

38. As a direct and proximate result of Defendants' conduct, Audi has suffered damages to the valuable Audi Trademarks and trade dress, and other damages in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
(FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a))

39. Audi realleges and incorporates herein by reference allegations above.

40. Defendants have knowingly used the Audi Trademarks, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the products and services that Defendants manufacture, advertise, promote, and sell. Defendants have used counterfeits of the Audi Trademarks and trade dress knowing that the marks used are counterfeits and with the intent to use counterfeits of the Audi Trademarks.

Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

41. Defendants' use of the Audi Trademarks alleged above is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause such people to believe in error that Defendants' products and services have been authorized, sponsored, approved, endorsed, or licensed by Audi or that Defendants are in some way affiliated with Audi.

42. Defendants' acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods, and constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

43. By reason of Defendants' actions, Audi has suffered irreparable harm to the valuable Audi Trademarks. Unless Defendants' are restrained from their actions, Audi will continue to be irreparably harmed.

44. Audi has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

45. As a direct and proximate result of Defendants' conduct, Audi has suffered damages to the valuable Audi Trademarks, and other damages in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF
## (CYBERPIRACY)

46.  Audi realleges and incorporates herein by reference the allegations above.

47.  Defendants' actions evidence a bad faith intent to profit from the registration and/or use of the Audi Trademarks in Internet domain names.

48.  Defendants have registered, trafficked in, and/or used a trademark that was famous at the time of registration of the domain name and was identical or confusingly similar to or dilutive of the Audi Trademarks.

49.  Audi is entitled to an injunction transferring AUDISPORT.COM to Audi, and an injunction enjoining Defendants from using the Audi Trademarks in Internet domain names.

50.  In addition, Audi is entitled to damages, including statutory damages in the amount of $100,000.00 and its costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
## (COMMON LAW TRADEMARK INFRINGEMENT)

51.  Audi realleges and incorporates herein by reference the allegations above.

52.  Audi and its predecessors were the first to use the Audi Trademarks or any marks similar thereto in association with the sale of any product and service. As a result of the continued sale by Audi and its predecessors, the Audi Trademarks have become widely known and Audi has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the Audi Trademarks are applied.

53.  As a result of the experience, care, and service of Audi and its predecessors in producing Audi products and services, Audi's products and services have become widely known and have acquired a world wide reputation for quality, durability, and performance. Moreover, the Audi Trademarks have become associated with Audi

12

products and services, and have come to symbolize the reputation for quality and excellence of Audi products and services. As such, the Audi Trademarks have become distinctive.

54. Defendants, with knowledge of and with intentional disregard of Audi's rights, continue to advertise, promote, and sell services and products using the Audi Trademarks or counterfeits and confusing imitations thereof. Such acts by Defendants have caused and continue to cause confusion as to the source and/or sponsorship of Defendants' products and services.

55. Defendants' acts constitute willful infringement of Audi's exclusive rights in the Audi Trademarks, in violation of the common law.

56. By reason of Defendants' actions, Audi has suffered irreparable harm to the valuable Audi Trademarks. Unless Defendants are restrained from further infringement of the Audi Trademarks, Audi will continue to suffer irreparable harm.

57. Audi has no remedy at law that will adequately compensate it for the irreparable harm it will suffer if Defendants' conduct is allowed to continue.

58. As a direct and proximate result of Defendants' conduct, Audi has suffered damages to the valuable Audi Trademarks and trade dress, and other damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Audi prays for judgment against Defendants as follows:

1. Under all claims for relief, that a permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(a) imitating, copying, or making unauthorized use of any of the Audi Trademarks or trade dress;

(b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of the Audi Trademarks or trade dress;

(c) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Audi Trademarks or trade dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d) using any false designation of origin or false description (including, without limitation, any letters or symbols constituting the Audi Trademarks, or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Audi or the Audi Trademarks, or is sold, manufactured, licensed, sponsored, approved or authorized by Audi;

(e) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing a design or mark substantially identical to any or all of the Audi Trademarks or trade dress;

(f) engaging in any other activity constituting unfair competition with Audi with respect to the Audi Trademarks, or constituting an infringement of any or all of the Audi Trademarks, or of Audi's rights in, or to use or exploit, any or all of the Audi Trademarks; and

(g) instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2. Under Audi's claims for Cyberpiracy, that Defendants, and all of their agents, servants, employees, and attorneys, and all other persons in active concert or

participation with them who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined as follows:

    (a)    That Defendants be enjoined from transferring to anyone other than to Audi the domain name AUDISPORT.COM, or any other domain names that use names, words, designations, or other symbols confusingly similar to the Audi Trademarks;

    (b)    That Defendants be enjoined from registering, maintaining registrations for, using, offering for sale, claiming ownership of, or in any other way using the domain name AUDISPORT.COM, or any other domain names that use names, words, designations, or other symbols confusingly similar to the Audi Trademarks;

    (c)    That Defendants be ordered to disclose to the Court and to Audi all other domain name registrations directly or indirectly owned or registered by Defendants in order to permit the Court and Audi to consider whether any such other registration should be transferred to Audi or be subject to other relief in this matter; and

    (d)    That Defendants be ordered to transfer to Audi the registrations for the domain name AUDISPORT.COM, and any other domain names that use names, words, designations, or other symbols confusingly similar to the Audi Trademarks.

    3.    Under Audi's claim for Cyberpiracy, that Audi be awarded damages in an amount to be determined at trial based on Defendants' cyberpiracy including statutory damages in the amount of $100,000.00;

    4.    For an order directing that Defendants deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the Audi Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

    5.    For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Audi or related in any way to Audi's products or services.

6. For an order directing that Defendants file with the Court and serve upon Audi's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

7. For an order permitting Audi, and/or auditors for Audi, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the Audi Trademarks, including all revenues and sales related to Defendants' use of the Audi Trademarks, as well as Defendants' compliance with orders of this Court.

8. For an award of Audi's costs and disbursements incurred in this action, including Audi's reasonable attorneys' fees.

9. For an award of Audi's damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Audi's costs and attorneys fees, pursuant to 15 U.S.C. § 1117.

10. For an award of Audi's damages arising out of Defendants' acts;

11. For an order requiring Defendants to file with the Court and provide to Audi an accounting of all sales and profits realized by Defendants through the use of the Audi Trademarks and any counterfeits thereof.

12. For an award of interest, including pre-judgment interest on the foregoing sums.

13. For such other and further relief as the Court may deem just and proper.

Dated: February 23, 2004.

*/s/ Edward C. Cutlip*
Edward C. Cutlip (P35836)
Attorneys for Plaintiffs
Detroit Center
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-3406
(313) 961-0200

Co-Counsel
Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
801-366-7471

Attorneys for Audi AG and Volkswagen of America, Inc.

# CIVIL COVER SHEET

JS 44
(REV. 12/96)

COUNTY IN WHICH ACTION AROSE  OAKLAND

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AUDI AG, a German corporation and VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation

### DEFENDANTS
BOB D'AMATO an individual d/b/a QUATTRO ENTHUSIASTS an entity of unknown origin

**PAUL D. BORMAN**
**MAGISTRATE JUDGE CAPEL**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Edward C. Cutlip, Jr. (P35836)
Kerr, Russell and Weber, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226  313-961-0200

JUDGE : Borman, Paul D.
DECK : S. Division Civil Deck
FILE DATE : 02/23/2004 @ 15:49:02
CASE NO : 2:04CV70665

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## IV. ORIGIN
[X] 1 Original Proceeding

## V. NATURE OF SUIT
840 Trademark

## VI. CAUSE OF ACTION
Cyberpiracy, trademark dilution, trademark infringement under the Lanham Act, 15 U.S.C. §1051 et seq. and common law

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] NO

DATE: February 23, 2004

SIGNATURE OF ATTORNEY OF RECORD
Edward C. Cutlip, Jr. (P35836)

**PURSUANT TO LOCAL RULE 3.1**

1. Is this a case that has been previously discontinued or dismissed?   ☐ YES  ☒ NO

    If **yes**, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ YES  ☒ NO

    If **yes**, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes: