ORIGINAL 

Ex. A

# UNITED STATES DISTRICT COURT
## FOR THE EASTER DISTRICT OF MICHICAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **AUDI AG, a German Corporation and** | : | **Civil No. 2:04CV70665** |
| **VOLKSWAGEN of AMERICA, INC., a** | : | |
| **New Jersey Corporation,** | : | **ANSWER,** |
| | : | **AFFIRMATIVE DEFENSES** |
| | : | **AND COUNTERCLAIMS** |
| **Plaintiffs,** | : | |
| **vs.** | : | |
| | : | |
| **BOB D'AMATO, an individual d/b/a** | : | **Hon. Paul D. Borman** |
| **QUATTRO ENTHUSIASTS, an entity of** | : | |
| **unknown origin,** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

COMES NOW, Defendant, BOB D'AMATO, and QUATTRO ENTHUSIASTS a/k/a Defendant BOB D'AMATO (hereinafter referred to as "Defendant"), by and through his undersigned counsel, and files his Verified Answer and Affirmative Defenses to Plaintiffs, AUDI AG and VOLKSWAGEN of AMERICA, Inc., a New Jersey corporation (hereinafter referred to as "Plaintiffs"). The Defendant objects to jurisdiction and venue, and his filing hereof of an Answer, Affirmative Defenses and Counterclaim(s), is done without waiver to challenge these pursuant to Fed. R. Civ. P. 12(b) and/or 12 (h). Defendant states as follows:

### SUBSTANCE OF THE ACTION

1. Defendant is without knowledge as to the allegations contained in Paragraph 1, and therefore they are denied.

### PARTIES TO THE ACTION

2. Defendant is without knowledge as to the allegations contained in Paragraph 2, and therefore they are denied.

IP Advisors LLC
PO Box 156
Canton, CT 06019

3.     Defendant is without knowledge as to the allegations contained in Paragraph 3, and therefore they are denied.

4.     Defendant admits to being an individual.  Defendant admits to being the owner by right of the domain name AUDISPORT.COM.  Defendant denies the remaining allegations the allegations contained in Paragraph 4, and demands strict proof thereof.

5.     Defendant denies the allegations of paragraph 4.

### JURISDICTION AND VENUE

6.     Defendant denies the allegations contained in paragraph 6.  Specifically, Defendant denies

    (a) That there is federal question jurisdiction as this dispute is property brought under Network Solutions' Domain Name Dispute Resolution Policy.

    (b) The allegations contained in paragraph 6(b).

    (c) The allegations contained in paragraph 6(c).

    (d) The allegations contained in paragraph 6(d).

    (e) The allegations contained in paragraph 6(e).

    (f) The allegations contained in paragraph 6(f).

    (g) The allegations contained in paragraph 6(g).

    (h) The allegations contained in paragraph 6(h).

7.     The allegations of paragraph 7 constitute legal conclusions that Defendant denies to the extent inconsistent with the applicable law.   Defendant denies any factual allegations contained in Paragraph 7, and  demands strict proof thereof.

### GENERAL ACTIONS

#### *Audi's Alleged Trademark Rights*

8.     Defendant is without knowledge as to the allegations contained in Paragraph

8, and therefore they are denied.

     9.     Defendant is without knowledge as to the allegations contained in Paragraph 9, and therefore they are denied.

     10.     Defendant is without knowledge as to the allegations contained in Paragraph 10, and therefore they are denied.

     11.     Defendant is without knowledge as to the allegations contained in Paragraph 11, and therefore they are denied.

### Defendants' Alleged Violations of Audi's Trademark Rights

     12.     Defendant is without knowledge as to Audi's alleged development and use of the alleged Audi Trademarks, or to their alleged registration, and leaves Audi to its proofs. Defendant denies the remaining allegations contained in Paragraph 12.

     13.     Defendant denies the allegations contained in Paragraph 13.

     14.     Defendant admits that the website AUDISPORT.COM is and was established to provide information to loyal customers and enthusiasts of Audi automobiles. Defendant denies the remaining allegations contained in paragraph 14, demanding strict proof thereof.

     15.     Defendant admits that the audisport.com website states "While we are not an official part of Audi of America, we have a signed agreement allowing usage of Audi-owned tradenames." Defendant denies the remaining allegations contained in paragraph 15.

     16.     Defendant denies the allegations contained in Paragraph 16, demanding strict proof thereof.

     17.     Defendant admits that he received letters on December 19, 2003, December 22, 2003, and January 8, 2004. Defendant denies the remaining allegations contained in Paragraph 17, demanding strict proof thereof.

     18.     Defendant is without knowledge as to the allegations contained in Paragraph

18, and therefore they are denied.

19. Defendant is without knowledge as to the allegations contained in Paragraph 19, and therefore they are denied.

20. Defendant the remaining allegations contained in Paragraph 20, and therefore they are denied.

### *Defendant's Alleged Cyberpiracy*

21. Defendant admits to being the owner of the domain name AUDISPORT.com. Defendant denies the remaining allegations contained in Paragraph 21, demanding strict proof thereof.

## FIRST CLAIM FOR RELIEF
### (ALLEGED TRADEMARK AND TRADE DRESS DILUTION UNDER 15 U.S.C. §1125(c))

22. As far as Plaintiffs' incorporation by reference to "the allegations above" is understood, Defendant re-alleges and incorporates his answers to Paragraphs 1 through 21, above, as if fully set forth herein.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25, demanding strict proof thereof.

26. Defendant denies the allegations contained in Paragraph 26, demanding strict proof thereof.

27. Defendant denies the allegations contained in Paragraph 27, demanding strict proof thereof.

28. Defendant denies the allegations contained in Paragraph 28, demanding strict

proof thereof.

29.     Defendant denies the allegations contained in Paragraph 29, demanding strict proof thereof.

30.     Defendant denies the allegations contained in Paragraph 30, demanding strict proof thereof.

31.     Defendant denies the allegations contained in Paragraph 31, demanding strict proof thereof.

## SECOND CLAIM FOR RELIEF

## (ALLEGED FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114)

32.     As far as Plaintiffs incorporation by reference to "the allegations above" is understood, Defendant re-alleges and incorporates his answers to Paragraphs 1 through 31, above, as if fully set forth herein.

33.     Defendant denies the allegations contained in Paragraph 33, demanding strict proof thereof.

34.     Defendant denies the allegations contained in Paragraph 34, demanding strict proof thereof.

35.     Defendant denies the allegations contained in Paragraph 35, demanding strict proof thereof.

36.     Defendant denies the allegations contained in Paragraph 36, demanding strict proof thereof.

37.     Defendant denies the allegations contained in Paragraph 37, demanding strict proof thereof.

38.     Defendant denies the allegations contained in Paragraph 38, demanding strict

proof thereof.

## THIRD CLAIM FOR RELIEF

### (ALLEGED FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. §1125(a))

39.　As far as Plaintiffs' incorporation by reference to "the allegations above" is understood, Defendant re-alleges and incorporates his answers to Paragraphs 1 through 38, above, as if fully set forth herein.

40.　Defendant denies the allegations contained in Paragraph 40.

41.　Defendant denies the allegations contained in Paragraph 41, demanding strict proof thereof.

42.　Defendant denies the allegations contained in Paragraph 42.

43.　Defendant denies the allegations contained in Paragraph 43, demanding strict proof thereof.

44.　Defendant denies the allegations contained in Paragraph 44, demanding strict proof thereof.

45.　Defendant denies the allegations contained in Paragraph 45, demanding strict proof thereof.

## FOURTH CLAIM FOR RELIEF
### (ALLEGED CYBERPIRACY)

46.　As far as Plaintiffs' incorporation by reference to "the allegations above" is understood, Defendant re-alleges and incorporates his answers to Paragraphs 1 through 46, above, as if fully set forth herein.

47.　Defendant denies the allegations contained in Paragraph 47.

48.     Defendant denies the allegations contained in Paragraph 48.

49.     Defendant denies the allegations contained in Paragraph 49, demanding strict proof thereof.

50.     Defendant denies the allegations contained in Paragraph 50, demanding strict proof thereof.

**FIFTH CLAIM FOR RELIEF**

**(ALLEGED COMMON LAW TRADEMARK INFRINGEMENT)**

51.     As far as Plaintiffs' incorporation by reference to "the allegations above" is understood, Defendant re-alleges and incorporates his answers to Paragraphs 1 through 50, above, as if fully set forth herein.

52.     Defendant denies the allegations contained in Paragraph 52.

53.     Defendant denies the allegations contained in Paragraph 53.

54.     Defendant denies the allegations contained in Paragraph 54.

55.     Defendant denies the allegations contained in Paragraph 55, demanding strict proof thereof.

56.     Defendant denies the allegations contained in Paragraph 56, demanding strict proof thereof.

57.     Defendant denies the allegations contained in Paragraph 57, demanding strict proof thereof.

58.     Defendant denies the allegations contained in Paragraph 58.

59.     Defendant denies the allegations contained in Paragraph 59.

## DEMAND FOR RELIEF

WHEREFORE, Defendant Bob D'Amato respectfully prays that this Court dismiss Plaintiffs' Complaint against him for no cause of action, with prejudice, and award Defendant his costs and attorneys fees so wrongfully sustained.

## AFFIRMATIVE DEFENSES

COMES NOW, Defendant, BOB D'AMATO, and QUATTRO ENTHUSIASTS a/k/a Defendant BOB D'AMATO (hereinafter referred to as "Defendant"), by and through his undersigned counsel, and files his Affirmative Defenses to Plaintiffs, AUDI AG and VOLKSWAGEN of AMERICA, Inc., a New Jersey corporation (hereinafter referred to as "Plaintiffs"), which Defendant intends to rely upon as he proves applicable after discovery or at trial:

**FIRST AFFIRMATIVE DEFENSE:**   Plaintiffs have no standing to bring this action.

**SECOND AFFIRMATIVE DEFENSE:** Plaintiffs' Complaint fails to state a cause of action and or fails to state a claim on which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE:**   Plaintiffs' cause of action is barred by applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE:** Plaintiffs' cause of action is barred by estoppel, acquiescence, and/or and laches.

**FIFTH AFFIRMATIVE DEFENSE:** Defendant had no scienter and at all times operated in good faith.

**SIXTH AFFIRMATIVE DEFENSE:** Defendant's alleged use of the domain name AUDISPORT.COM is a nominal, fair use under the Statutes Plaintiffs attempts to assert against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE:** Plaintiffs have unclean hands by its bringing the present action based on an improper purpose and or reason.

**EIGHTH AFFIRMATIVE DEFENSE:** The Court does not have personal jurisdiction over Defendant.

**NINTH AFFIRMATIVE DEFENSE:** Venue is improper in this District.

## COUNTERCLAIMS

COMES NOW, Defendant, BOB D'AMATO, and QUATTRO ENTHUSIASTS a/k/a Defendant BOB D'AMATO (hereinafter referred to as "Defendant"), by and through his undersigned counsel, and files his Counterclaims to Plaintiffs, AUDI AG and VOLKSWAGEN of AMERICA, Inc., a German Corporation and a New Jersey Corporation, respectively (hereinafter referred to as "Plaintiffs") and states as follows:

60.     I Bob D'Amato rightfully registered the AUDISPORT.COM domain name on February 11, 1999.

61.     I own a 1980 Audi Quattro automobile one of approximately only seventy (70) such automobiles left and or existing in the United States. The name of the car is UrQuattro (German for "Original Audi") because it was the first all-wheel-drive automobile. I have organized the group of such owners of other 1980 Quattro automobiles into a group that I loosely called "Quattro Enthusiasts" or "Urquattro Preservation Group" (UPG).

62.     In the late 1990's I could not find information on the World Wide Web (herein "Internet") about Audi racing in the United States. I started AUDISPORT.COM to

provide racing and other information to other Audi car owners and enthusiasts.

63.     Presently, I work on a volunteer basis with Ms. Melissa Grunnah at Audi of North America (Audi NA) coordinating local Audi racing events ("Audi Events"), for example, the SPEED GT series and the ALMS series at Limerock Park in Connecticut.

64.     Presently, I work with Mr. Andy Sattler who is a Hospitality manager for Audi NA and volunteer to including booking space for other Audi automobile clubs in Audi hospitality tents at such Audi Events.

65.     On or about April 22, 2002, I was contacted the Audi Dealership "Champion Audi" who liked the website and encouraged me to continue developing the site. Specifically, I was contacted by email and, later, had discussions with Mr. Richard Cyle of Champion Audi including the promotion of Audi racing in North America.

66.     I also worked with Mr. Devin Carlson at Champion Audi who gave me constructive feedback about the website and encouraged me to continue developing the site and promoting Audi racing in North America.

67.     I have not made a profit from AUDISPORT.COM.

68.     I have taken no money from anyone for any products or services listed on AUDISPORT.COM.

69.     I have not offered or attempted to sell the domain name AUDISPORT.COM to Plaintiffs or their affiliates.

70.     The website AUDISPORT.COM has been a hobby and extension of my enthusiasm for the Audi automobile.

71.     The website AUDISPORT.COM does not have a single customer.

72.     Additionally, AUDISPORT.com does not have any customers in Michigan to

contact.

73.     For that matter, to date all contacts, providing of information to the public, and endeavors of AUDISPORT.COM are based in the state of Connecticut.

## COUNT I – DECLARATORY JUDGMENT OF NON-VIOLATION OF TRADEMARK AND TRADE DRESS DILUTION UNDER 15 U.S.C. §1125(c))

74.     Defendant repeats and re-alleges and incorporates his answers to Paragraphs 1 through 73, above, as if fully set forth herein.

75.     Plaintiffs have accused Mr. D'Amato, due to the supposedly unauthorized use of the word "AUDI" of dilution.

76.     Mr. D'Amato has openly possessed the domain name "AUDISPORT.COM" without any effort to conceal same for over five years without causing any dilution or otherwise infringing any rights of Plaintiffs.

77.     There is an actual case and controversy as to whether there is any basis to the accusations of Plaintiffs or whether the accusations are mere posturing to attempt to gain possession of the domain name "AUDISPORT.COM".

78.     Plaintiffs' allegation is frivolous and groundless, and Mr. D'Amato seeks a declaratory judgment that he is not in violation of Section 43(c) (15 U.S.C. §1125(c)) of the Lanham Act.

## COUNT II – DECLARATORY JUDGMENT OF NON-VIOLATION OF FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

79.     Defendant repeats and re-alleges and incorporates his answers to Paragraphs 1 through 78, above, as if fully set forth herein.

80.     Plaintiffs have accused Mr. D'Amato of infringing their mark and federal trademark rights due to the supposedly unauthorized use of the word "AUDI".

81.     Mr. D'Amato has openly possessed the domain name "AUDISPORT.COM"

without any effort to conceal same for over five years without causing any dilution or otherwise infringing any rights of Plaintiffs.

82.    There is an actual case and controversy as to whether there is any basis to the accusations of Plaintiffs or whether the accusations are mere posturing to attempt to gain possession of the domain name "AUDISPORT.COM".

83.    Plaintiffs' allegation is frivolous and groundless, and Mr. D'Amato seeks a declaratory judgment that he is not in violation of Section 32 (15 U.S.C. §1114)) of the Lanham Act.

### COUNT III– DECLARATORY JUDGMENT OF NON-VIOLATION OF FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. §1125(a)

84.    Defendant repeats and re-alleges and incorporates his answers to Paragraphs 1 through 83, above, as if fully set forth herein.

85.    Plaintiffs have accused Mr. D'Amato of falsely designating origin or sponsorship, false advertising, and trade dress infringement.

86.    Mr. D'Amato believes that this accusation is without basis in fact or law, and is frivolous.

87.    Mr. D'Amato has openly possessed the domain name "AUDISPORT.COM" without any effort to conceal same for over five years without causing any dilution or otherwise infringing any rights of Plaintiffs. Mr. D'Amato has always included a disclaimer on the site that clearly stated that AUDISPORT.COM was not affiliated with Plaintiffs.

88.    Plaintiffs' actions have given rise to an actual and justiciable controversy pursuant to 28 USC § 2201 et seq. There is an actual case and controversy as to whether there is any basis to the accusations of Plaintiffs or whether the accusations are mere

posturing to attempt to gain possession of the domain name "AUDISPORT.COM".

89.     Plaintiffs' allegation is frivolous and groundless, and Mr. D'Amato seeks a declaratory judgment that he has not falsely designated any origin falsely designating origin or sponsorship, false advertising, and trade dress infringement and that he is not otherwise in violation of Section 1125(a) of the Lanham Act.

## COUNT III– DECLARATORY JUDGMENT OF NON-VIOLATION OF CYBERPIRACY UNDER SECTION 15 U.S.C. 1125(d)

90.     Defendant repeats and re-alleges and incorporates his answers to Paragraphs 1 through 89, above, as if fully set forth herein.

91.     Plaintiffs have accused Mr. D'Amato of violation of Section 1125(d) of the Lanham Act, the AntiCybersquatting Consumer Protection Act (ACPA).

92.     Mr. D'Amato believes that this accusation is without basis in fact or law, and obtained the domain name "AUDISPORT.COM" without bad-intent towards Plaintiffs.

93.     Mr. D'Amato has openly possessed the domain name "AUDISPORT.COM" without any effort to conceal same for over five years without causing any dilution or otherwise infringing any rights of Plaintiffs.  Mr. D'Amato has always included a disclaimer on the site that clearly stated that AUDISPORT.COM was not affiliated with Plaintiffs.

94.     There is an actual case and controversy as to whether there is any basis to the accusations of Plaintiffs or whether the accusations are mere posturing to attempt to gain possession of the domain name "AUDISPORT.COM".

95.     Plaintiffs' allegation is frivolous and groundless, and Mr. D'Amato seeks a declaratory judgment that he is not in violation of 15 USC § 1125(d)

96.     Mr. D'Amato seeks further seeks an award of costs and attorneys fees under subsection (b)(2) thereof.

## COUNT V– DECLARATORY JUDGMENT OF NO
## COMMON LAW OR STATE LAW TRADEMARK INFRINGEMENT

97.     Defendant repeats and re-alleges and incorporates his answers to Paragraphs 1 through 96, above, as if fully set forth herein.

98.     Plaintiffs have accused Mr. D'Amato of infringement and dilution under state law and common trademark laws.

99.     Plaintiff's accusation is frivolous and groundless, and Mr. D'Amato seeks a declaratory judgment that he is not infringing or diluting under state law.

## COUNT VI– DECLARATORY JUDGMENT OF
## NO UNFAIR COMPETITION

100.    Defendant repeats and re-alleges and incorporates his answers to Paragraphs 1 through 99, above, as if fully set forth herein.

101.    Plaintiffs have accused Mr. D'Amato of engaging in unfair competition.

102.    Plaintiff's accusation is frivolous and groundless, and Mr. D'Amato seeks a declaratory judgment that he has not engaged and is not engaging in unfair competition.

## COUNT VII – DECLARATORY JUDGMENT OF
## NO UNJUST ENRICHMENT

103.    Defendant repeats and re-alleges and incorporates his answers to Paragraphs 1 through 102, above, as if fully set forth herein.

104.    Mr. D'Amato seeks a declaratory judgment that he has not been unjustly enriched.

## COUNT VIII –
## DEFAMATION

105.    Defendant repeats and re-alleges and incorporates his answers to Paragraphs 1 through 104, above, as if fully set forth herein.

106.    Plaintiffs counsel sent a letter on or about March, 2003, making false statements about Mr. D'Amato to Network Solutions, Inc.

107.    On information or belief, Plaintiffs counsel sent a letter stating "We believe ... that our legal rights are clearly infringed by the current holder of the domain name." and or that Mr. D'Amato falsely registered the domain name AUDISPORT.COM using a false address.

108.    On information and belief, Plaintiffs' counsel caused the domain name AUDISPORT.COM to be transferred to this court to dispose of using said false statements causing harm to Mr. D'Amato.

109.    Mr. D'Amato seeks an award of damages and injunctive relief in respect of the false and injurious statements.

## COUNT XI–QUIET TITLE

110.    Defendant repeats and re-alleges and incorporates his answers to Paragraphs 1 through 109, above, as if fully set forth herein.

111.    Plaintiffs are attempting to gain possession of the "AUDISPORT.COM" Internet domain name, and have taken other steps to assign or otherwise to convert the "AUDISPORT.COM" Internet domain name domain name to itself.

112.    Plaintiffs have said that it is the rightful owner of the "AUDISPORT.COM" Internet domain name.

113.    Mr. D'Amato therefore requests that this Court make specific findings so as to

quiet the title of the "AUDISPORT.COM" Internet domain name in favor of Mr. D'Amato.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays in relation to Plaintiffs as follows:

    **A.**    Under all claims brought by Plaintiffs under § 1114, for a declaratory judgment that Defendant is not in violation of Section 1114 of the Lanham Act and that he has infringing any trademark rights that Plaintiffs may have in AUDI, AUDISPORT, AUDI SPORT and or AUDISPORT.com;

    **B.**    Under all claims brought by Plaintiffs under 15 U.S.C. § 1125(a), for a declaratory judgment that Defendant is not in violation of Section 1125(a) of the Lanham Act and that he has not diluted and is not diluting any trademark rights that Plaintiffs may have in AUDI, AUDISPORT, AUDI SPORT and or AUDISPORT.com;

    **C.**    Under all claims brought by Plaintiffs under 15 U.S.C. § 1125(c), for a declaratory judgment that Defendant is not in violation of Section 1125(c) of the Lanham Act and that he has not falsely designated of origin, sponsorship, false advertising and or infringing any trade dress or trademark rights that Plaintiffs may have in AUDI, AUDISPORT, AUDI SPORT and or AUDISPORT.com;

    **D.**    Under all claims brought by Plaintiffs under Section 3002 of the Cyberpiracy Act, or Anticybersquatting Consumer Protection Act of 1998 (ACPA) codified at 15 U.S.C. § 1125(d), for a declaratory judgment that Defendant is not in violation of Section 3002 of the ACPA under 15 U.S.C. § 1125(a) or any other Cyberpiracy Act to which Plaintiffs refer or rights Plaintiffs may have in AUDI, AUDISPORT, AUDI SPORT and or AUDISPORT.com;

**E.**     Under all claims brought by Plaintiffs under Common Law Trademark Infringement, for a declaratory judgment that Defendant is not in violation of any of Plaintiffs' common law trademark rights that Plaintiffs may have in AUDI, AUDISPORT, AUDI SPORT and or AUDISPORT.com;

**F.**     Under all claims brought by Plaintiffs under Unfair Competition, for a declaratory judgment that Defendant is not competing or unfairly competing or in violation of any unfair competition laws of any of Plaintiffs' by its utilization and activities regarding AUDI, AUDISPORT, AUDI SPORT and or AUDISPORT.com;

**G.**     For a finding that Plaintiffs have engaged in unfair competition and is thus liable to Defendant for attorney's fees, costs, actual and punitive damages, in an amount to be determined at trial;

**H.**     For an order canceling the U.S. trademark or state registrations asserted by Plaintiffs for misuse or should Plaintiffs seek such U.S. or state trademark registrations;

**I.**     For a finding that Plaintiffs are liable to Mr. Bob D'Amato for actual and punitive damages for committing a *prima facie* tort, in an amount to be determined at trial;

**J.**     For an injunction barring Plaintiffs from making further false and harmful statements about Mr. Bob D'Amato, and directing Plaintiffs to communicate to Network Solutions Inc. a withdrawal of its false and defamatory statements, and for a finding that Plaintiffs are liable to Mr. Bob D'Amato for actual and punitive damages for its defamation, in an amount to be determined at trial;

**K.**     For an injunction directing Plaintiffs to cease from any further efforts to convert the " AUDISPORT.COM " domain name to their own use;

**L.**     For an order quieting the title to the domain name " AUDISPORT.COM " in favor of Mr. Bob D'Amato;

**M.**     For money damages to be determined at trial resulting from plaintiff's tortious conduct;

**N.**     For Replevin of the "AUDISPORT.COM" domain name;

**O.**     For an award of attorneys' fees and costs; and

**P.**     For such other relief as the Court deems appropriate

### JURY DEMAND

Defendant demands a jury trial on all claims and counterclaims by any party that are so triable by jury.

Dated this 5th day of May, 2004

By: _____

Adam B. Strauss (P53319)
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Tel. (248) 203-0764
Fax: (248) 203-0763

BH01\463083.2
ID\ABST

Damian G. Wasserbauer, Esq.
PO Box 156
Canton, CT 06019
Tel: 860-966-0989
Fax: 860-693-1674
Attorney for Defendant, Bob D'Amato
(a/k/a Quattro Enthusiasts)

Answer, Affirmative Defenses &
Counterclaims- 18

IP Advisors LLC
PO Box 156
Canton, CT 06019



## VERIFICATION

STATE OF CONNECTICUT )
                     ) ss.    Farmington
County of Hartford   )

BOB D'AMATO, a/k/a QUATTRO ENTUSIASTS, being first duly sworn upon his oath deposes and says:

That he is a Defendant herein; that he has read the foregoing Answer, Affirmative Defenses and Counterclaims and knows the contents thereof; that the matters therein stated and alleged are true of his own knowledge, except for those matters stated on information and belief, which he believes to be true.

By: _____
    Bob D'Amato
    a/k/a Quattro Enthusiasts
    Dated this 5th day of May, 2004

SUBSCRIBED AND SWORN before me this 5th day of April, 2004 by Bob D'Amato.

By: _____
    Notary Public
    My Commission Expires 3-31-09.

(Seal)

VERIFICATION

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AUDI AG, a German Corporation and
VOLKSWAGEN OF AMERICA, INC.,
a New Jersey Corporation,

           Plaintiffs,

v.

BOB D'AMATO, an individual d/b/a
QUATTRO ENTHUSIASTS, an entity
Of unknown origin,

           Defendants.

Case No. 2:04CV70665

Honorable Paul D. Borman

*(filed stamp: U.S. DISTRICT COURT / EASTERN DIST. MICH. / DETROIT-PSG / '04 MAY -5 P 4:56 / FILED)*

---

Edward C. Cutlip (P35836)
KERR, RUSSELL & WEBER, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-5499
(313) 961-0200

Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471
*Attorneys for Plaintiff*

Adam B. Strauss (P53319)
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0764

Damian G. Wasserbauer
Intellectual Property Advisors, LLC
PO Box 156
Canton, CT 06019
(860) 966-0989

*Attorneys for Defendants*

---

## PROOF OF SERVICE

Pamela R. Printz an employee of Dykema Gossett PLLC, says that on May 5, 2004, she

served a copy of *Defendants' Answer to Complaint, Affirmative Defenses; and Demand for Jury*

*Trial* and *Proof of Service* upon:

Edward C. Cutlip, Esq.
Attorneys for Plaintiffs
Detroit Center
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-3406

-and-

Gregory D. Phillips
Scott R. Ryther
Attorneys for Audi AG and Volkswagen
  of America, Inc.
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah  84102

via first class mail, postage prepaid.

      I declare that the statement above is true to the best of my information, knowledge, and

belief.

                                                     Pamela R. Printz

BH01\463068.1
ID\ABST

2