34

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EX. A

AUDI AG, a German Corporation and
VOLKSWAGEN of AMERICA, INC., a New
Jersey corporation,

                    Plaintiffs,

        v.

BOB D'AMATO, an individual d/b/a QUATTRO
ENTHUSIASTS, an entity of unknown origin,

                    Defendants.

HONORABLE PAUL D. BORMAN

CIVIL ACTION NO. 2:04cv70665

**FILED**

MAY **2 7** 2004

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

## PLAINTIFFS' REPLY TO COUNTERCLAIM

Plaintiffs Audi AG and Volkswagen of America, Inc. (collectively "Audi") in reply and

answer to the Counterclaim of defendants Bob D'Amato and Quattro Enthusiasts (collectively

"Defendants") filed and/or served on or about May 5, 2004, and without prejudice to Audi's

rights to file an amended reply, third-party claims, or other claims after discovery, admits,

denies, and alleges as set forth below. Audi responds as follows to the numbered paragraphs of

the Counterclaim:

60.     Audi admits that D'Amato registered AUDISPORT.COM, but denies the

remaining allegations.

61.     Audi lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph, and, therefore, denies the same.

62.     Audi lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph, and, therefore, denies the same.

63.     Audi denies the allegations of this paragraph.

64.     Audi denies the allegations of this paragraph.

65.     Audi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies the same.

66.     Audi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies the same.

67.     Audi denies the allegations of this paragraph.

68.     Audi denies the allegations of this paragraph.

69.     Audi denies the allegations of this paragraph.

70.     Audi denies the allegations of this paragraph.

71.     Audi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies the same.

72.     Audi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies the same.

73.     Audi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies the same.

**Count I**

74.     Audi hereby repeats, re-alleges, and incorporates its answers and allegations set forth above, as if fully set forth herein.

75.     Audi admits that it has accused Defendants of trademark dilution, and denies the remaining allegations of this paragraph.

76.     Audi denies the allegations of this paragraph.

77.     Audi admits that there is an actual case and controversy, and denies the remaining allegations of this paragraph.

78.     Audi denies the allegations of this paragraph.

2

## Count II

79.     Audi hereby repeats, re-alleges, and incorporates its answers and allegations set forth above, as if fully set forth herein.

80.     Audi admits that it has accused Defendants of trademark infringement, and denies the remaining allegations of this paragraph.

81.     Audi denies the allegations of this paragraph.

82.     Audi admits that there is an actual case and controversy, and denies the remaining allegations of this paragraph.

83.     Audi denies the allegations of this paragraph.

## Count III

84.     Audi hereby repeats, re-alleges, and incorporates its answers and allegations set forth above, as if fully set forth herein.

85.     Audi admits the allegations of this paragraph.

86.     Audi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies the same.

87.     Audi denies the allegations of this paragraph.

88.     Audi admits that there is an actual case and controversy, and denies the remaining allegations of this paragraph.

89.     Audi denies the allegations of this paragraph.

### Count IV (Defendants have mistakenly labeled Count IV as Count III)

90.     Audi hereby repeats, re-alleges, and incorporates its answers and allegations set forth above, as if fully set forth herein.

91.     Audi admits the allegations of this paragraph.

92.     Audi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies the same.

3

93.     Audi denies the allegations of this paragraph.

94.     Audi admits that there is an actual case and controversy, and denies the remaining allegations of this paragraph.

95.     Audi admits that Defendants seek a declaratory judgment, and denies the remaining allegations of this paragraph.

96.     Audi admits that Defendants claim to be seeking costs and attorneys' fees, but affirmatively alleges that Defendants are not entitled so such costs and attorneys' fees, and denies the remaining allegations of this paragraph.

### Count V

97.     Audi hereby repeats, re-alleges, and incorporates its answers and allegations set forth above, as if fully set forth herein.

98.     Audi admits the allegations of this paragraph.

99.     Audi admits that Defendants seek a declaratory judgment, and denies the remaining allegations of this paragraph.

### Count VI

100.    Audi hereby repeats, re-alleges, and incorporates its answers and allegations set forth above, as if fully set forth herein.

101.    Audi admits the allegations of this paragraph.

102.    Audi admits that Defendants seek a declaratory judgment, and denies the remaining allegations of this paragraph.

### Count VII

103.    Audi hereby repeats, re-alleges, and incorporates its answers and allegations set forth above, as if fully set forth herein.

104.    Audi admits that Defendants seek a declaratory judgment, and denies the remaining allegations of this paragraph.

4

{26825\48\D1083606.DOC;1}

### Count VIII

105.    Audi hereby repeats, re-alleges, and incorporates its answers and allegations set forth above, as if fully set forth herein.

106.    Audi admits that its counsel sent an email and a letter to Network Solutions, Inc with various attachments. on or about March 19, 2004.  A true and correct copy of the email and letter with various attachments is attached hereto as Exhibit A.  Audi affirmatively alleges that Exhibit A speaks for itself, and Audi denies the remaining allegations of this paragraph.

107.    Audi affirmatively alleges that the letter attached hereto as Exhibit A speaks for itself, and denies the remaining allegations of this paragraph.

108.    Audi denies the allegations of this paragraph.

109.    Audi admits that Defendants seek an award of damages and injunctive relief, but affirmatively alleges that Defendants are not entitled to any damages or injunctive relief, and denies the remaining allegations of this paragraph.

### Count IX (Defendants have mistakenly labeled Count IX as Count XI)

110.    Audi hereby repeats, re-alleges, and incorporates its answers and allegations set forth above, as if fully set forth herein.

111.    Audi denies the allegations of this paragraph.

112.    Audi denies the allegations of this paragraph.

113.    Audi admits that Defendants make certain requests to the Court, but affirmatively alleges that Defendants are not entitled to such relief, and denies the remaining allegations of this paragraph.

### GENERAL DENIAL

Audi denies each and every allegation in the Counterclaim not specifically admitted in this Reply.

{26825\48\DT083606.DOC;1}

## FIRST DEFENSE

The Counterclaim, and each and every alleged cause of action contained therein, fails to state a claim upon which relief can be granted. Audi will be filing concurrently herewith or shortly hereafter a Motion to Dismiss Count VIII for Defamation because the claim for defamation fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants' claims must be denied for the reasons set forth and alleged in Audi's Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Audi prays for judgment against Defendants as follows:

1. For judgment on each and every counterclaim asserted by Defendants;

2. For Audi's attorneys' fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

Dated: May 27, 2004.

Edward C. Cutlip (P35836)
Attorneys for Plaintiffs
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-3406
(313) 961-0200

Co-Counsel
Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
801-366-7471

Attorneys for Audi AG and Volkswagen of America, Inc.

{26825\48\DT083606.DOC;1}



## Jared Cherry

**From:** Jared Cherry [jared@hpaiaw.com]

**Sent:** Friday, March 19, 2004 3:20 PM

**To:** ebrickman@networksolutions.com

**Subject:** Audi AG, et al. v. Bob D'Amato - AUDISPORT.COM

Ms. Brickman:

As per our discussion, please find attached a letter describing Audi's request that Network Solutions invalidate the Private Registration Agreement for the domain name AUDISPORT.COM.

The attachments each have a number in the file name and are included in the following order:
1.  My letter
2.  Complaint
3.  WHOIS record
4.  Affidavit of failed service of process
5.  Letter from Counsel for infringer of March 18, 2004

I would appreciate receiving confirmation that you have received this message, as there are several attachments. Thank you for your assistance with this matter.

Sincerely,
Jared Cherry
Howard Phillips & Andersen
560 East 200 South Suite 300
Salt Lake City, Utah 84102
Telephone: (801) 366-7711
Fax: (801) 366-7706

5/26/2004

LAW OFFICES
# HOWARD, PHILLIPS & ANDERSEN
*A PROFESSIONAL CORPORATION*

GREGORY D. PHILLIPS
Direct Dial: (801) 366-7707
E-Mail: gdp@hpalaw.com

560 East 200 South, Suite 300
Salt Lake City, UT 84102

Telephone: (801) 366-7471
Facsimile: (801) 366-7706

March 19, 2004

**VIA EMAIL (ebrickman@networksolutions.com)**

Ellen Brickman
Network Solutions, Inc.
10 Azalea Drive
Drums, PA 18222

Re:     Audi AG, et al., v. Bob D'Amato d/b/a Quattro Enthusiasts
Civil Action No.: 2:04CV70665
Action Pending before the United Stated District Court for the Eastern District of
Michigan

Dear Ms. Brickman:

Thank you for your time spent speaking with me regarding this matter. As we discussed,
I am a paralegal for the law firm Howard, Phillips & Andersen ("HPA"). HPA represents Audi
AG and Volkswagen of America ("Audi") in the above-captioned litigation.

As per your request, I am sending this letter to outline the reasons why Audi believes that
the contact information for the registrant of the domain name *audisport.com* (the "Registrant")
should be made available to Audi, and that the Private Registration Service Agreement should be
terminated. The Private Registration Service Agreement provides in pertinent part (the term
"you" refers to Network Solution's customer):

"You acknowledge and agree that Network Solutions has the absolute right and power, as
it deems necessary in its sole discretion, without providing notice and without any
liability to you whatsoever, to (a) reveal to third parties the contact information provided
by you to Network Solutions in connection with the account for the applicable domain
name, (b) populate the public WHOIS database with the registrant's name, primary postal
address, e-mail address and/or telephone number as provided by you to Network
Solutions, or (c) terminate your subscription to our Private Registration Service

"(i) if any third party claims that the domain name violates or infringes a third
party's trademark, trade name or other legal rights."

Network Solutions, Inc.
March 19, 2004
Page 2

Audi has alleged claims against the Registrant in the above described litigation for trademark and trade dress dilution under 15 U.S.C. §1125(c), federal trademark infringement under 15 U.S.C. § 1114, false designation of origin or sponsorship under 15 U.S.C. §1125(a), cyberpiracy and common law trademark infringement.

Audi attempted to serve a summons and a copy of the complaint upon the Registrant of the domain name *audisport.com* at the address provided in the WHOIS database. A copy of the WHOIS record for *audisport.com* is attached hereto for your reference. When a process server attempted to serve the Registrant at the address provided in the WHOIS record, the process server was explicitly informed that the Registrant did not live at that address. The occupant further stated that he was not affiliated in any way with the domain name *audisport.com*. The process server was unable to serve the defendant at the address listed in the WHOIS database. A copy of the process server's affidavit of failed service is attached hereto for your reference.

After receiving notice that the process server had failed to serve the complaint upon the defendant, this office sent a copy of the complaint to legal counsel for the Registrant. Audi requested that counsel for the Registrant voluntarily accept service of process on behalf of his client. In a letter dated March 18, 2004, counsel for the Registrant refused to accept service of process, and stated that his client's registration for the domain name *audisport.com* is a private registration. A copy of this letter is attached hereto for your reference.

Several conclusions can be drawn from the actions of the Registrant in this matter. First, the Registrant has clear knowledge that Audi has filed suit against the registrant. Counsel for the Registrant indicates in his letter of March 18, 2004 that he has discussed with the Registrant the Registrant's unwillingness to voluntarily accept service of process. Second, the Registrant is attempting to use Network Solutions Private Registration service as a means for evading service of process. The Registrant enabled the Private Registration option only after he became aware that Audi had filed suit against him.

If Audi is unable to obtain true and correct contact information from Network Solutions, Audi will be forced to file a series of pleadings with the Court to arrange for an alternate method of service. Audi would incur significant expense, and the prosecution of this case would be significantly delayed if Audi must resort to these steps to complete service of process upon the Registrant. As such, Audi respectfully requests that in accordance with the Private Registration Agreement, Network Solutions provide contact information for the Registrant, and/or that Network Solutions cancel the Registrant's Private Registration Agreement and populate the public WHOIS record with the Registrants contact information.

Network Solutions, Inc.
March 19, 2004
Page 3


      Thank you for your assistance with this matter.  Please feel free to contact me if you have
any questions regarding Audi's position in this matter.

            Very truly yours,


            Jared I. Cherry

Enclosures
JLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDI AG, a German Corporation and
VOLKSWAGEN of AMERICA, INC., a
New Jersey corporation,

                      Plaintiffs,

   v.

BOB D'AMATO, an individual d/b/a
QUATTRO ENTHUSIASTS, an entity of
unknown origin,

                      Defendants.

```
JUDGE : Borman, Paul D.
DECK : S. Division Civil Deck
FILE DATE : 02/23/2004 @ 15:49:02
CASE NO : 2:04CV70665
```

## COMPLAINT

Plaintiffs Audi AG and Volkswagen of America, Inc. (collectively "Audi") complain of defendants Bob D'Amato d/b/a Quatto Enthusiasts (collectively "Defendants") as follows:

## SUBSTANCE OF THE ACTION

1.    This is a complaint for infringement and dilution of Audi's world famous trademarks AUDI®, the AUDI RING LOGO®, QUATTRO® and the distinctive trade dress of Audi automobiles (collectively the "Audi Trademarks") and for related claims based on Defendants' unauthorized use of the Audi Trademarks in Defendants' business name, in advertisements, and in the Internet domain name AUDISPORT.COM. Audi alleges claims for federal trademark and trade dress dilution, federal trademark infringement, false designation of origin or sponsorship, false advertising, trade dress

1

infringement, and cyberpiracy under Sections 43(c), 32(1), 43(a), and 43(d) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1125(c), 1114(1), 1125(a), and 1125(d) and trademark infringement under common law.   Audi seeks a preliminary and permanent injunction preventing Defendants from using the distinctive Audi Trademarks, including the Internet domain name AUDISPORT.COM, along with an award of damages, treble damages, and Audi's attorneys' fees and costs.

## THE PARTIES

2.       Plaintiff Audi AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business in Wolfsburg, Germany.

3.       Plaintiff Volkswagen of America, Inc. is a corporation organized under the laws of the State of New Jersey with its principal place of business in Auburn Hills, Michigan.

4.       Defendant Bob D'Amato is an individual and does business as Quattro Enthusiasts and is the owner of AUDISPORT.COM.

5.       Defendant Quattro Enthusiasts is an entity of unknown character and origin with its principle place of business at 27 Butler St., Meriden, CT 06450.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction of this action pursuant to:

(a)       Judicial Code, 28 U.S.C. § 1331, relating to "federal question" jurisdiction;

(b)       Section 39 of the Lanham Act, 15 U.S.C. § 1121, giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

2

(c)     Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), relating to the counterfeit, reproduction, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods;

(d)     Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), relating to the use of false designations of origin and/or sponsorship tending falsely to describe or designate the source, and/or sponsorship of goods affecting commerce, and relating to false advertising and trade dress infringement and dilution;

(e)     Section 43(c) of the Lanham Act, 15 U.S.C., Section 1125(c), relating to dilution;

(f)     The Judicial Code, 28 U.S.C. § 1338(a), conferring on this Court jurisdiction over actions arising under federal trademark laws;

(g)     The Judicial Code, 28 U.S.C. § 1338(b), relating to claims of unfair competition "joined with a substantial and related claim under the ... trademark laws"; and

(h)     The Judicial Code, 28 U.S.C. § 1367 providing for supplemental jurisdiction over the state law claims in this action.

7.     Defendants are subject to personal jurisdiction in this District on several, independent bases. First, the violation of a trademark holder's trademark rights occurs where the trademark holder resides. Second, Defendants operated an interactive website at AUDISPORT.COM that solicits and allows Michigan residents to order and purchase goods and services on the Internet. The operation of such a website subjects Defendants to personal jurisdiction in the State of Michigan. See e.g., Audi AG v. Izumi, 204

3

F.Supp.2d 1014 (E.D. Mich. 2002) (interactive website that allows Michigan residents to order products subjects defendant to personal jurisdiction in Michigan).

## GENERAL ACTIONS
### *Audi's Trademark Rights*

8.      For many decades, Audi has used the trademarks AUDI® and the AUDI RING LOGO® in connection with the sale, distribution, maintenance, service, and repair of Audi automobiles and related products and services.  Similarly, Audi has used the trademark QUATTRO® in connection with its automobiles and related products and services since 1982.

9.      Audi owns several United States trademark registrations for the world-famous trademarks AUDI® and the AUDI RING LOGO®.  Audi first registered the trademark AUDI® in the United States in 1960.  Audi first registered the AUDI RING LOGO® trademark in 1969.  Audi first registered the trademark QUATTRO® in the United States in 1984.   Audi's trademark registrations for the Audi Trademarks include U.S. Registration Nos. 2083439, 2073484, 1928291, 1793869, 1416584, 1416538, 1416583, 1079063, 0708352 and 1283271.   These registrations are valid, unrevoked, subsisting, and incontestible, and constitute prima facie evidence of Audi's exclusive ownership of the Audi Trademarks.  True and correct copies of representative trademark registrations for AUDI®, the AUDI RING LOGO®, and QUATTRO® are attached hereto as Exhibit A.

10.     Audi has spent millions of dollars and has expended significant effort in advertising, promoting, protecting, and developing the Audi Trademarks throughout the world.  As a result of such advertising and expenditures, Audi has established considerable goodwill in the Audi Trademarks.  The Audi Trademarks have become widely known and recognized throughout the world as a symbol of high quality automotive goods and services.

4

11.    Audi has used the Audi Trademarks since long before the acts of Defendants complained of herein. The Audi Trademarks are famous and distinctive, and have come to be associated by the consuming public exclusively with the products marketed by Audi. The Audi Trademarks are invaluable assets of substantial and inestimable worth to Audi.

### Defendants' Violations of Audi's Trademark Rights

12.    Subsequent to Audi's development and use of the Audi Trademarks, and subsequent to their registration of the same, and without the consent of Audi or its predecessors, Defendants began using the Audi Trademarks, or confusingly similar versions of them in Defendants' business name, in connection with the advertising of Defendants' products and services and in the Internet domain name AUDISPORT.COM.

13.    Defendants are in no way affiliated with, authorized, or sponsored by Audi and have no authority to use the Audi Trademarks to identify their products, services, or goods they advertise, promote, or sell.

14.    Defendants' website AUDISPORT.COM is targeted to loyal customers and enthusiasts of Audi. Defendants have attempted to capitalize on and profit from the substantial goodwill that Audi has developed in the Audi Trademarks by prominently displaying the AUDI RING LOGO® on its website, by using the domain name AUDISPORT.COM, and by using the business name "Quattro Enthusiasts." Defendants have made commercial use of the website AUDISPORT.COM by selling electronic services, such as email and hosting services, and advertising. A copy of the website that was displayed at AUDISPORT.COM when Audi first contacted Defendants is attached hereto Exhibit B.

15.    Defendants falsely represent that they have obtained a license from Audi to use its trademarks. Defendants' website states[1]: "While we are not an official part of Audi of America, we have a signed agreement allowing usage of Audi-owned

---

[1] See http://www.audisport.com/sponsors.html [attached hereto as Exhibit B]

5

tradenames." Defendants have no such agreement, and no authorization to use Audi's tradenames or tradenames.

16.    Defendants' use of the Audi Trademarks in conjunction with the advertisement, promotion, and sale of Defendants' products and services constitutes a misappropriation of the Audi Trademarks and associated good will, and is likely to cause potential purchasers of Defendants' products and services, as well as the public at large, to believe that Defendants' products are affiliated with, authorized, sponsored by, or endorsed by Audi.  In addition, Defendants' wrongful use of the Audi Trademarks or confusingly similar versions thereof, dilutes, tarnishes, and whittles away the distinctiveness of the Audi Trademarks.

17.    Defendants continue to use the Audi Trademarks and/or intentionally similar versions thereof with actual knowledge of Audi's prior adoption and use of the Audi Trademarks.  Audi first contacted Defendants on December 19, 2003 and again on January 8, 2004 to request the Defendants cease and desist from their unlawful activity. True and correct copies of such correspondence are attached hereto as Exhibit C. Defendants have carried out and continue to carry out such acts with the intent to mislead and deceive consumers and the public in general.  In so doing, Defendants have caused irreparable damage to the Audi Trademarks and to the good will of Audi in the Audi Trademarks.

18.    Audi exercises great care and exerts substantial effort to control the nature and quality of the goods and services provided under the Audi Trademarks.

### The Internet and Domain Name Registration

19.    In response to the widespread epidemic of cyberpiracy, Congress passed, and the President signed into law, the Anticybersquatting Consumer Protection Act (the "Cyberpiracy Act").  In passing the Cyberpiracy Act, Congress indicated its intent to address the increasing epidemic of cyberpirates who "registered, trafficked in, or used the

6

offending domain name with bad-faith intent to profit from the goodwill of a mark

belonging to someone else." Conference Report H.R. No. 106-464 (Nov. 9, 1999). As

Senator Hatch observed in supporting passage of the Cyberpiracy Act:

> [T]oday the Senate considers legislation to address the serious threats to
> American consumers, businesses, and the future of electronic commerce,
> which derive from the deliberate, bad-faith registration of Internet domain
> names in violation of the rights of trademark owners. For the Net-savvy,
> this burgeoning form of cyber-abuse is known as "cybersquatting." For
> the average consumer, it is simply fraud, deception, and the bad-faith
> trading on the goodwill of others.

Congressional Record–Senate, August 5, 1999, S10515.

20.    Section 3002 of the Cyberpiracy Act provides in pertinent part:

CYBERPIRACY PREVENTION

> A person shall be liable in a civil action by the owner of a mark . . .
> if, without regard to the goods or services of the parties, that person –
>
> (i) has a bad faith intent to profit from that mark . . .; and
> (ii) registers, traffics in, or uses a domain name that –
> (I)  in the case of a mark that is distinctive at the time of
> registration of the domain name, is identical or confusingly similar to that
> mark;
> (II) in the case of a famous mark that is famous at the time of
> registration of the domain name, is identical or confusingly similar to or
> dilutive of that mark.

### Defendants' Cyberpiracy

21.    In violation of the Cyberpiracy Act, Defendants acquired or

registered the Internet domain name AUDISPORT.COM.    A copy of the

WHOIS[2] record for AUDISPORT.COM showing Defendants as the registrants of

the domain name is attached hereto as Exhibit D.   Defendants' actions

---

[2] Domain name registrars maintain a "Whois" database that contains data regarding domain name
registrations. The WHOIS database contains information such as the registrant of the domain name, the
registrant's mailing address and other contact information, and the registration and expiration dates for a
domain name.

conclusively demonstrate that defendants have a bad faith intent to profit from the use of the trademark AUDI® in the Internet domain name AUDISPORT.COM. There can be no question that the AUDI® trademark was famous and distinctive in 1999, when Defendants registered the domain name AUDISPORT.COM. Defendants' bad faith is evinced by the fact that Defendants have no trademark or other intellectual property rights in the trademark AUDI®, and Defendants have made commercial use of the domain name AUDISPORT.COM.

### FIRST CLAIM FOR RELIEF
### (TRADEMARK AND TRADE DRESS DILUTION UNDER 15 U.S.C. § 1125(c))

22.   Audi realleges and incorporates herein the allegations contained above.

23.   The Audi Trademarks have become famous and distinctive worldwide through Audi's continuous and exclusive use of the Audi Trademarks in connection with Audi's products and services.

24.   Because Audi products and services have gained a reputation for superior quality, durability, and performance, the Audi Trademarks (which are always used in connection with Audi products and services) have gained substantial renown.

25.   Defendants have willfully and intentionally used and continue to use the Audi Trademarks, and counterfeits thereof, in connection with the advertisement, promotion, and sale of Defendants' products and services.

26.   Defendants' use of the Audi Trademarks and trade dress, and counterfeits thereof, has caused and continues to cause irreparable injury to and dilution of the Audi Trademarks' distinctive quality in violation of Audi's rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of the Audi Trademarks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Audi Trademarks.

27.   Defendants have used and continue to use the Audi Trademarks or counterfeits thereof, willfully and with the intent to dilute the Audi Trademarks, and with the intent to trade on the reputation and good will associated with the Audi Trademarks.

8

28.   As a direct and proximate result of Defendants' conduct, Audi has suffered irreparable harm to the valuable Audi Trademarks.

29.   Unless Defendants are enjoined, the valuable Audi Trademarks will continue to be irreparably harmed and diluted.  Audi has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' actions are allowed to continue.

30.   Defendants have used and continue to use the Audi Trademarks, trade dress, or counterfeits thereof, willfully and with the intent to dilute the Audi Trademarks, and with the intent to trade on the reputation and goodwill of Audi and of the Audi Trademarks.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 111(a).

31.   As a direct and proximate result of Defendants' conduct, Audi has suffered damages to the valuable Audi Trademarks, and other damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
### (FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114)

32.   Audi realleges and incorporates herein by reference the allegations above.

33.   Audi and its predecessors have demanded that Defendants refrain from the use of the Audi Trademarks and counterfeits of the Audi Trademarks as described above. Despite Audi's well-known prior rights in the Audi Trademarks, Defendants have used and continue to use, without Audi's authorization, the Audi Trademarks, or counterfeits, copies, reproductions or colorable imitations thereof in connection with the advertisement, promotion, and sale of Defendants' products and services.

34.   Defendants' actions constitute willful infringement of Audi's exclusive rights in the Audi Trademarks in violation of 15 U.S.C. § 1114.

35.   Defendants' use of the Audi Trademarks, counterfeits, copies, reproductions, or colorable imitations thereof has been and continues to be done with the

intent to cause confusion, mistake, and to deceive consumers concerning the source and/or sponsorship of Defendants' products and services. Defendants have used counterfeits of the Audi Trademarks in connection with its products with the knowledge that the marks are counterfeits and with the intent to use counterfeits. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

36.     As a direct and proximate result of Defendants' conduct, Audi has suffered irreparable harm to the valuable Audi Trademarks. Unless Defendants are restrained from further infringement of the Audi Trademarks, Audi will continue to be irreparably harmed.

37.     Audi has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

38.     As a direct and proximate result of Defendants' conduct, Audi has suffered damages to the valuable Audi Trademarks and trade dress, and other damages in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
(FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a))

39.     Audi realleges and incorporates herein by reference allegations above.

40.     Defendants have knowingly used the Audi Trademarks, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the products and services that Defendants manufacture, advertise, promote, and sell. Defendants have used counterfeits of the Audi Trademarks and trade dress knowing that the marks used are counterfeits and with the intent to use counterfeits of the Audi Trademarks.

10

Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

41.    Defendants' use of the Audi Trademarks alleged above is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause such people to believe in error that Defendants' products and services have been authorized, sponsored, approved, endorsed, or licensed by Audi or that Defendants are in some way affiliated with Audi.

42.    Defendants' acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods, and constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

43.    By reason of Defendants' actions, Audi has suffered irreparable harm to the valuable Audi Trademarks. Unless Defendants' are restrained from their actions, Audi will continue to be irreparably harmed.

44.    Audi has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

45.    As a direct and proximate result of Defendants' conduct, Audi has suffered damages to the valuable Audi Trademarks, and other damages in an amount to be proved at trial.

11

## FOURTH CLAIM FOR RELIEF
### (CYBERPIRACY)

46.    Audi realleges and incorporates herein by reference the allegations above.

47.    Defendants' actions evidence a bad faith intent to profit from the registration and/or use of the Audi Trademarks in Internet domain names.

48.    Defendants have registered, trafficked in, and/or used a trademark that was famous at the time of registration of the domain name and was identical or confusingly similar to or dilutive of the Audi Trademarks.

49.    Audi is entitled to an injunction transferring AUDISPORT.COM to Audi, and an injunction enjoining Defendants from using the Audi Trademarks in Internet domain names.

50.    In addition, Audi is entitled to damages, including statutory damages in the amount of $100,000.00 and its costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT)

51.    Audi realleges and incorporates herein by reference the allegations above.

52.    Audi and its predecessors were the first to use the Audi Trademarks or any marks similar thereto in association with the sale of any product and service. As a result of the continued sale by Audi and its predecessors, the Audi Trademarks have become widely known and Audi has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the Audi Trademarks are applied.

53.    As a result of the experience, care, and service of Audi and its predecessors in producing Audi products and services, Audi's products and services have become widely known and have acquired a world wide reputation for quality, durability, and performance. Moreover, the Audi Trademarks have become associated with Audi

12

products and services, and have come to symbolize the reputation for quality and excellence of Audi products and services. As such, the Audi Trademarks have become distinctive.

54.    Defendants, with knowledge of and with intentional disregard of Audi's rights, continue to advertise, promote, and sell services and products using the Audi Trademarks or counterfeits and confusing imitations thereof. Such acts by Defendants have caused and continue to cause confusion as to the source and/or sponsorship of Defendants' products and services.

55.    Defendants' acts constitute willful infringement of Audi's exclusive rights in the Audi Trademarks, in violation of the common law.

56.    By reason of Defendants' actions, Audi has suffered irreparable harm to the valuable Audi Trademarks. Unless Defendants are restrained from further infringement of the Audi Trademarks, Audi will continue to suffer irreparable harm.

57.    Audi has no remedy at law that will adequately compensate it for the irreparable harm it will suffer if Defendants' conduct is allowed to continue.

58.    As a direct and proximate result of Defendants' conduct, Audi has suffered damages to the valuable Audi Trademarks and trade dress, and other damages in an amount to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, Audi prays for judgment against Defendants as follows:

1.    Under all claims for relief, that a permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(a)     imitating, copying, or making unauthorized use of any of the Audi Trademarks or trade dress;

(b)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of the Audi Trademarks or trade dress;

(c)     using any simulation, reproduction, counterfeit, copy or colorable imitation of the Audi Trademarks or trade dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d)     using any false designation of origin or false description (including, without limitation, any letters or symbols constituting the Audi Trademarks, or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Audi or the Audi Trademarks, or is sold, manufactured, licensed, sponsored, approved or authorized by Audi;

(e)     transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing a design or mark substantially identical to any or all of the Audi Trademarks or trade dress;

(f)     engaging in any other activity constituting unfair competition with Audi with respect to the Audi Trademarks, or constituting an infringement of any or all of the Audi Trademarks, or of Audi's rights in, or to use or exploit, any or all of the Audi Trademarks; and

(g)     instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2.     Under Audi's claims for Cyberpiracy, that Defendants, and all of their agents, servants, employees, and attorneys, and all other persons in active concert or

14

participation with them who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined as follows:

(a)     That Defendants be enjoined from transferring to anyone other than to Audi the domain name AUDISPORT.COM, or any other domain names that use names, words, designations, or other symbols confusingly similar to the Audi Trademarks:

(b)     That Defendants be enjoined from registering, maintaining registrations for, using, offering for sale, claiming ownership of, or in any other way using the domain name AUDISPORT.COM, or any other domain names that use names, words, designations, or other symbols confusingly similar to the Audi Trademarks;

(c)     That Defendants be ordered to disclose to the Court and to Audi all other domain name registrations directly or indirectly owned or registered by Defendants in order to permit the Court and Audi to consider whether any such other registration should be transferred to Audi or be subject to other relief in this matter; and

(d)     That Defendants be ordered to transfer to Audi the registrations for the domain name AUDISPORT.COM, and any other domain names that use names, words, designations, or other symbols confusingly similar to the Audi Trademarks.

3.     Under Audi's claim for Cyberpiracy, that Audi be awarded damages in an amount to be determined at trial based on Defendants' cyberpiracy including statutory damages in the amount of $100,000.00;

4.     For an order directing that Defendants deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the Audi Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

5.     For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Audi or related in any way to Audi's products or services.

6.    For an order directing that Defendants file with the Court and serve upon Audi's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

7.    For an order permitting Audi, and/or auditors for Audi, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the Audi Trademarks, including all revenues and sales related to Defendants' use of the Audi Trademarks, as well as Defendants' compliance with orders of this Court.

8.    For an award of Audi's costs and disbursements incurred in this action, including Audi's reasonable attorneys' fees.

9.    For an award of Audi's damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Audi's costs and attorneys fees, pursuant to 15 U.S.C. § 1117.

10.    For an award of Audi's damages arising out of Defendants' acts;

11.    For an order requiring Defendants to file with the Court and provide to Audi an accounting of all sales and profits realized by Defendants through the use of the Audi Trademarks and any counterfeits thereof.

12.    For an award of interest, including pre-judgment interest on the foregoing sums.

13.    For such other and further relief as the Court may deem just and proper.

Dated: February 23, 2004.

Edward C. Cutlip (P35836)
Attorneys for Plaintiffs
Detroit Center
500 Woodward Avenue, Suite 2500
Detroit, Michigan  48226-3406
(313) 961-0200

Co-Counsel
Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah  84102
801-366-7471

Attorneys for Audi AG and Volkswagen of
America, Inc.

17

Make a WHOIS search on any domain on the Web | Network Solutions

Page 1 of 2

| | HOME | REGISTER A DOMAIN | CREATE A WEB SITE | BUY E-MAIL | PURCHASE HOSTING | PROMOTE YOUR SITE | GROW YOUR BUSINESS |

HELP   WHOIS   VIEW ORDER   AC

# WHOIS SEARCH RESULTS

**WHOIS RECORD FOR**

audisport.com                    Back-order this name

Registrant:
Quattro Enthusiasts
ATTN: AUDISPORT.COM
c/o Network Solutions
P.O. Box 447
Herndon, VA. 20172-0447

Domain Name: AUDISPORT.COM

Administrative Contact, Technical Contact:
D'Amato, Bob
ATTN: AUDISPORT.COM
c/o Network Solutions
P.O. Box 447
Herndon, VA 20172-0447
570-708-8780

Record expires on 11-Feb-2005.
Record created on 11-Feb-1999.
Database last updated on 20-Feb-2004 11:17:45 EST.

Domain servers in listed order:

NS1.MYDYNDNS.ORG 66.151.188.45
NS2.MYDYNDNS.ORG 209.69.32.138

This listing is a Network Solutions Private Registration. Mail correspondence to this address must be sent via USPS Express Mail™ or USPS Certified Mail®; all other mail will not be processed. Be sure to include the registrant's domain name in the address.

**New**

**Priv**

**Regi**

Protect y
from spa
and teler

**$5 a y**

**Introdu**

**FIND O**

**Get the C**
**small bu**



The CitiBusine

Protect your personal information with Private Registration            **SEARCH AGAIN**

Actions you can take to protect your WHOIS information

We
S

Next Registration Rights

NOTICE AND TERMS OF USE: You are not authorized to access or query our WHOIS database through the use of high-volume, automated, electronic processes. The Data in Network Solutions' WHOIS database is provided by Network Solutions for information purposes only, and to assist persons in obtaining information about or related to a domain name registration record. Network Solutions does not guarantee its accuracy. By submitting a WHOIS query, you agree to abide by the following terms of use: You agree that you may use this Data only for lawful purposes and that under no circumstances will you use this Data to: (1) allow, enable, or otherwise support the transmission of mass unsolicited, commercial advertising or solicitations via e-mail, telephone, or facsimile; or (2) enable high volume, automated, electronic processes that apply to Network Solutions (or its computer systems). The compilation, repackaging, dissemination or other use of this Data is expressly prohibited without the prior written consent of Network Solutions. You agree not to use high-volume, automated, electronic processes to access or query the WHOIS database. Network Solutions reserves the right to terminate your access to the WHOIS database in its sole discretion, including without limitation, for excessive querying of the WHOIS database or for failure to otherwise abide by this policy. Network Solutions reserves the right to modify these terms at any time.

Make a WHOIS search on any domain on the Web | Network Solutions                    Page 2 of 2

Back to top | About Us | Partnerships | Contact Us | Site Map

Home   Register    Create a    Buy    Purchase    Promote    Grow Your    Transfer      Renew      Account
       a Domain   Web Site   E-mail   Hosting    Your Site   Business   Your Domains   Services    Manager

Review our Privacy Policy, Service Agreement, and Legal Notice
) Copyright 2004 Network Solutions. All rights reserved.

UNITED STATES OF DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


Audi AG et al.


VS.

                                          CASE NO. 04-70665


Bob D'Amato d/b/a Quattro Enthusiasts


                          -        AFFIDAVIT OF NON - SERVICE


STATE OF CONNECTICUT

                        SS: WATERBURY
COUNTY OF NEW HAVEN


Sean Greene, the undersigned, being duly sworn, deposes and says that he was at the time of service over the age of
twenty-one and was not a party to this action.


Service of a Summons and Complaint was attempted upon Bob D'Amato d/b/a Quattro Enthusiasts, 27 Butler
Avenue, Meriden, CT. 06450 on February 26, 2004 at 2:10 PM. This address is a one family house. Current tenant
states there is no Bob D'Amato living at this address.  Database research was completed which failed to provide a
current address.


                                          State of Connecticut
                                          County of New Haven

The undersigned declares under penalty
of perjury that the foregoing is true, correct        Subscribed to and sworn, before me today,
and my free act and deed.                             March 7, 2004.


Sean Greene, Process Server March 7, 2004
                                          Tracy Brisee, Notary Public
                                          My Commission Expires December 31st, 2005.

<u>March 7, 2004</u>

**Professional Process Service, L.L.C.**
105 Haddad Road
Waterbury, CT, 06708
(888) 712-7378 (203) 753-7378 , (203) 573-8835 Fax

## RETURN SERVICE REQUESTED

**Invoice**

Edward C. Cutlip Jr. Esq.
KERR RUSSELL AND WEBER PLC
500 WOODWARD AVENUE
DETROIT CENTER - SUITE 2500
DETROIT MI 48226-3427

313 961-0200 Business
813 961-0380 Fax

**Our EIN # is 06-1522605**
Thanks for choosing
**Professional Process Service, L.L.C.!**

**Invoice No: 16011**

Reference Job #16011 when remitting.

Audi AG et al. vs Bob D'Amato d/b/a Quattro Enthusiasts,
**Docket Number: 04-70665**
- **Bob D'Amato d/b/a Quattro Enthusiasts**
Due Diligence
on February 26, 2004 at 2:10 PM,
at 27 Butler Avenue, Meriden, CT 06450
by Sean Greene, Process Server

Fee for Attempted Service: $65.00

All invoices are due upon receipt.
**Please Remit: $65.00**

**\*\*REMEMBER\*\***
**Professional Process Service, L.L.C. can serve**
**"Federal Process and Subpoenas'**
**anywhere in Connecticut and Nationally!"**
**Thank you!**
**We appreciate your business!**

## INTELLECTUAL PROPERTY ADVISORS LLC

P.O. BOX 156, CANTON, CT 06019-2026
DAMIAN.WASSERBAUER@COMCAST.NET
TELEPHONE: (860) 966-0989
FACSIMILE: (860) 693-1674

March 18, 2004

*VIA FACSIMILE*

Mr. Gregory D. Phillips
Howard, Phillips & Andersen
560 East 200 South, Suite 300
Salt Lake City, UT 84102

Dear Mr. Phillips:

I am not authorized to accept service of process of the attached Complaint on behalf of Bob D'Amato. It also would be malpractice for me to do so now. Additionally, I have reviewed carefully the representation of your March 9, 2004 letter that I have made a misrepresentation. I find your assertion and allegation that I made a misrepresentation to be wholly inaccurate and false.[1]

It is not my job to educate you.   My representation is clear that when Mr. D'Amato originally filed for the domain name audisport.com he in fact filed accurate contact information.   I further represent that Mr. D'Amato filed later updated contact information.   I also suggested that ICANN may be behind in updating its database information as I do not actually know why the original contact information is still posted. Lastly, I represented that ICANN now provides that contact information lawfully can be made private by paying for a private registration.

I left our last conversation with a request that you (1) provide an answer to my letter of February 13, 2004; and (2) that my letter provided sufficient information that VW of America could ascertain readily and confirm the information of my letter of February 13, 2004 simply by performing an internal investigation. Evidently, you did neither and filed the lawsuit instead. Mr. D'Amato welcomes a fair and amicable resolution to this matter. Audi can start by being open and honest about its requests to Mr. D'Amato to establish the website and to make an aftermarket for Audi car enthusiasts.

Respectfully,

Damian G. Wasserbauer

---

[1] As I also found your allegation from your letter of January 21, 2004, that "Your client had the audacity to contact Audi Motor Sports to attempt to sell advertising to Audi" to be false, as evidenced by the written record.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AUDI AG, a German corporation, and
VOLKSWAGEN OF AMERICA, INC., a
New Jersey corporation,

                    Plaintiffs,

vs.

BOB D'AMATO, an individual d/b/a
QUATTRO ENTHUSIASTS, an entity of unknown origin,

                    Defendants.

Civil No. 2:04cv70665
Hon. Paul D. Borman

**FILED**
MAY 2 7 2004
CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

## PROOF OF SERVICE

STATE OF MICHIGAN  )
                                    )ss.
COUNTY OF WAYNE   )

Vikki M. McKinnie, being first duly sworn, deposes and says that she is employed with the Law Offices of KERR, RUSSELL AND WEBER, PLC, and that on the 27th day of May, 2004, she caused to be served a copy of PLAINTIFFS' REPLY TO COUNTERCLAIM and this Proof of Service upon:

| | |
|---|---|
| Gregory D. Phillips<br>Scott R. Ryther<br>HOWARD, PHILLIPS & ANDERSEN<br>*Co-Counsel for Plaintiffs*<br>560 East 200 South, Suite 300<br>Salt Lake City, UT 84102<br>(801) 366-7471 | Adam B. Strauss (P53319)<br>DYKEMA GOSSETT PLLC<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0764; (248) 203-0763 fax<br><br>Damian G. Wasserbauer, Esq.<br>P. O. Box 156<br>Canton, CT 06019<br>(860) 966-0989; (860) 693-1674 fax<br><br>*Attorneys for Defendants* |

by depositing them in the U.S. Mail, postage prepaid.

Vikki M. McKinnie

Subscribed and sworn to before me this 27TH day of May, 2004.

Notary Public

(26825\48\DT083624.DOC;1)

LINDA HODGE
NOTARY PUBLIC WAYNE CO., MI
MY COMMISSION EXPIRES Feb 6, 2009
ACTING IN THE COUNTY OF Wayne