# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHICAN
# SOUTHERN DIVISION

| | |
|---|---|
| AUDI AG, a German Corporation and VOLKSWAGEN of AMERICA, INC., a New Jersey Corporation, | Civil No. 2:04CV70665 |
| Plaintiffs, | DEFENDANT'S AFFIDAVIT UNDER FED. R. CIV. P. 56(f) |
| vs. | |
| BOB D'AMATO, an individual d/b/a QUATTRO ENTHUSIASTS, an entity of unknown origin, | Hon. Paul D. Borman |
| Defendant. | |

## DEFENDANT'S AFFIDAVIT UNDER FED. R. CIV. P. 56(f)

State of Connecticut  )
                      ) ss.
County of Hartford    )

I, Damian Wasserbauer, an attorney, of Intellectual Property Advisors LLC, being duly sworn, say:

1. I am the attorney for Defendant, BOB D'AMATO, and QUATTRO ENTHUSIASTS a/k/a Defendant BOB D'AMATO (hereinafter referred to as "Defendant") Defendant in the above action.

2. Defendant has been served and with summons and complaint and it is on file in this action.

3. Defendant cannot for reasons stated present by affidavit facts, under Rule 56(f), Fed. R. Civ. P., essential to justify the Defendant's opposition motion for summary judgment because of the following specific facts showing that there is a genuine issue for trial.

4. On February 28, 2005, Defendant filed discovery requests pursuant to Rules 33, 34, and 36 of the *Federal Rules of Civil Procedure,* hereby requesting that Plaintiffs AUDI AG and VOLKSWAGEN of AMERICA, Inc. (hereinafter referred to as "Plaintiffs") fully respond under the applicable *Federal Rules of Civil Procedure* to the following Interrogatories, Requests for Production of Documents, and Requests for Admission, within thirty (30) days after service.  A full copy is attached hereto.

5. Plaintiff has not answered the Interrogatories, Requests for Production of Documents, and Requests for Admission in this action.

6. Additionally, on February 28, 2005, Defendant filed a Notice of Deposition of Plaintiffs pursuant to Rule 30(b)(6) of the *Federal Rules of Civil Procedure,* hereby requesting that Plaintiffs AUDI AG and VOLKSWAGEN of AMERICA, Inc., appear within thirty (30) days after service, and answer questions under oath.  A full copy is attached hereto.

7. Plaintiff has refused to schedule a date for deposition in this matter pursuant to Defendant's filed Notice of Deposition of Plaintiffs in this action.

8. After several good faith attempts to resolve discovery issues, on March 22, 2005, Defendant filed a motion to compel discovery and to amend the Scheduling Order, after Defendant made numerous attempts to set dates for deposition discovery. Plaintiff refused to schedule any dates for taking a deposition, including numerous attempts to schedule such Deposition by mid-March; sufficient time to file a dispositive motion on March 28, 2005.  On March 28, 2005, Plaintiffs' filed this motion for summary judgment *inter alia* on all of its claims, on defendant's counterclaims, and for a preliminary injunction, statutory damages and attorney's fees.

9. Lastly, on February 28, 2005, Defendant filed a motion to join Champion Audi the racing arm, and alleged *alter ego* of Audi, who sought out, and developed *audisport.com* into a commercial website to suit its purposes as is shown from uncontroverted that emails produced by Defendant in discovery. Emails exist as to Champion Audi in giving Defendant assurances, license and permission to use and post content having the Audi Trademarks. Moreover, Audi currently gives Defendant license and permission to use the Audi Trademarks when he posts content and links to for goods bearing the Audi Trademarks through the *audisport.com* website.

10. The Interrogatories, Requests for Production of Documents, and Requests for Admission involved discovery requests served on Audi under the Rule 33, 34 and 36 and a Notice of Deposition 30(b)(6), under the *Federal Rules of Civil Procedure*.

11. Defendant's discovery requests to Audi are relevant to the material outstanding issues in Audi's motion for summary judgment about the issues of (1) Audi's use or abandonment or allowing AUDI SPORT to become a generic term for Audi racing because of the voluntary cancellation of the mark AUDI SPORT or similar versions thereof from 1993 to present; (Interrogatory No. 4 and 5); (2) Audi's legitimate interest at common law through use of AUDI SPORT or it being a famous and distinctive mark such as in the Domain Name *audisport.com* ( Interrogatory No. 6); (3) Audi's efforts to register and use at common law the mark AUDI SPORT and or similar versions thereof on the Internet and for generic and new country-code top level domain names ("gTLD's" and "ccTLD's", respectively)( Interrogatory Nos. 7, 8 and 12); (4) the description, identification and use of AUDI SPORT for the affirmative

defenses of abandonment, estoppel or laches for the years 1993 to 2005. The following discovery responses are relevant to these issues:

**INTERROGATORY NO. 4**: Identify each good or service Plaintiffs have used the Domain Name ["Domain Name" shall mean and refer to the domain name *audisport.com*] in advertising, or offered for sale via, a website and, for each such good or service, identify any source or supplier thereof, for the years 1993 to 2004, and, to the extent available, to present in 2005. (emphasis added.)

**INTERROGATORY NO. 5**: Identify each good or service Plaintiffs have used the cancelled mark AUDI SPORT in advertising, or offered for sale via, a website and, for each such good or service, identify any source or supplier thereof, for the years 1993 to 2004, and, to the extent available, to present in 2005. (emphasis added.)

**INTERROGATORY NO. 6**: Identify each good or service of Defendants that Audi contends whether the Domain Name [*audisport.com*.] registrant has any "legitimate interests" in respect of the Domain Name. (emphasis added.)

**INTERROGATORY NO. 7**: Identify each good or service that Plaintiffs' have made efforts to register and use the cancelled mark AUDI SPORT and or similar versions thereof for new generic top level domains ("gTLD's") such as, for example, .net, .org, .edu, .gov, .edu, .mil, and .int. (emphasis added.)

**INTERROGATORY NO. 8**: Identify each good or service that Plaintiffs' have made efforts to register and use the cancelled mark AUDI SPORT and or similar versions thereof for new country-code top level domains ("ccTLDs") such as, for example, .us, .uk, .ny, .de, .jp, and .tv. (emphasis added.)

**INTERROGATORY NO. 12:** Specify and itemize by category Plaintiffs' total revenues derived from, or in any way related to, sales of goods and services using the mark AUDI SPORT as a generic top level domains ("gTLD's") and or country-code top level domains ("ccTLDs") via the Web site for the years 1993 to 2004, and, to the extent available, to present in 2005, including categories such as, for example, revenue per year from advertising, merchandise sales, and email services. (emphasis added.)

12. Audi refused to answer any of the Discovery requests as Audi deemed them untimely as these discovery requests were served on February 28, 2005, the Closing of Discovery.

13. Moreover, Defendant's requested Audi to testify at deposition regarding the cancelled mark AUDI SPORT regarding *inter alia* (1) usage of by Audi Clubs, Car owners and enthusiasts; (2) policing efforts, (3) delay for estoppel, laches, acquiescence of the cancelled mark AUDI SPORT; and (4) Audi's pre-filing investigation into the activities of Melissa Grunnah, the website *audisport.com*, and efforts of Champion Motorsport and Defendants as set forth in and pursuant to Schedule A of the Notice of Deposition regarding cancelled mark AUDI SPORT from 1993 to present date.

14. Plaintiffs' now allege infringement of the alleged marks AUDI STYLIZED *(italicized)* and AUDI SPORT, in view of the newly discovered email evidence produced on February 16, 2005 in responsive discovery by Defendant, all without answering Defendant's discovery requests.

15. These emails support Defendant's verified statements in his Answer and Motions to Dismiss.

16. Audi introduces by way of the Declaration [second] of Linda Scippione the alleged infringement of the alleged marks AUDI STYLIZED *(italicized)*, and alleged common law marks AUDI SPORT and AUDI SPORT NORTH AMERICA, without amending the complaint or providing discovery thereon.

17. Moreover, Audi introduces trade dress infringement of a "red parallelogram" not defined as in the original Complaint in connection with AUDI SPORT NORTH AMERICA by way of the same Declaration [second] of Linda Scippione.

18. As a result, Plaintiffs' have not stated a cause of action for which relief may be granted as the Audi's original Complaint only defines certain Audi Trademarks of AUDI, AUDI FOUR RINGS, and QUATTRO and fails to define and give notice of

the newly complained of Audi logo's and marks AUDI STYLIZED *(italicized)* and AUDI SPORT, and AUDI SPORT NORTH AMERICA. Fed. R. Civ. P. Rule 8(a).

19. The following are the detailed discovery requests that Audi refused to answer, by category, and how they relate to issues of material facts essential to justify the Defendant's opposition to Audi's motion for summary judgment. As there are substantial issues of specific facts needed for Defendant's defense showing that there are genuine issues for trial, the following discovery responses are relevant to these issues:

**INTERROGATORY NO. 1**:   Identify each good or service that Plaintiffs' have used the AUDI trademark in connection with Audi and/or VWoA racing, for promoting, advertising on, or offered for sale via the Internet and or Website. (emphasis added.)

    a. Issues of Audi Racing in North America and Usage at the site *audiworld.com* having relevance to the distinctive and famous usage of the AUDI trademarks and to Defendant's counterclaims and defenses of abandonment and genericness. (as defined in the Complaint).

**INTERROGATORY NO. 2**:   Identify each good or service that Plaintiffs' have used the Audi Domain Name ["Audi Domain Name" shall mean and refer to the domain name *audiworld.com*] and/or Website and, for each such good or service, identify any source or supplier thereof, for promoting, advertising on, or offered for sale via the Internet and or Website in connection with Audi and/or VWoA racing. (emphasis added.)

    b. Relevant evidence for outstanding material issues of fact in connection with Audi and/or VWoA racing for usage at the common law Audi's *audiworld.com* for goods and services having relevance to the distinctive and famous usage of the AUDI trademarks for the time period 1993 to present and to Defendant's

counterclaims and defenses of abandonment and genericness. (as defined in the Complaint).

**INTERROGATORY NO. 3**:  Identify each good or service Plaintiffs' <u>have used the Audi Domain Name ["Audi Domain Name" shall mean and refer to the domain name *audiworld.com*]</u> in advertising, or offered for sale via, a website and, for each such good or service, identify any source or supplier thereof, <u>for the years 1993 to 2004, and, to the extent available, to present in 2005</u>. (emphasis added.)

**INTERROGATORY NO. 10:**   Identify all persons that have <u>advertised on the Website ["Website" shall mean and refer to the website associated with *http://collection.audiusa.com/* or similar websites of Plaintiffs selling goods or services under the Audi Trademark],</u> through <u>a link</u> or otherwise. (emphasis added.)

**INTERROGATORY NO. 11:**   Identify all persons that have advertised on the Audi Domain Name [*audiworld.com*], through <u>a link</u> or otherwise. (emphasis added.)

c. Relevant evidence for outstanding material issues of fact for usage at the common law Audi's site *audiworld.com* for goods and services having relevance to the distinctive and famous usage of the AUDI trademarks for the time period 1993 to present and to Defendant's counterclaims and defenses of abandonment and genericness.

**INTERROGATORY NO. 4**:  Identify each good or service Plaintiffs have used the <u>Domain Name ["Domain Name" shall mean and refer to the domain name *audisport.com*] in advertising</u>, or offered for sale via, a website and, for each such good or service, identify any source or supplier thereof, <u>for the years 1993 to 2004, and, to the extent available, to present in 2005</u>. (emphasis added.)

d. Relevant evidence for the material issues of fact for usage at the common law of AUDI SPORT on goods and services having relevance to the distinctive and famous usage of the AUDI trademarks for the time period 1993 to present and to Defendant's counterclaims and defenses of abandonment and genericness. (as defined in the Complaint).

**INTERROGATORY NO. 5**:  Identify each good or service Plaintiffs <u>have used the cancelled mark AUDI SPORT</u> in advertising, or offered for sale via, a website and, for each such good or service, identify any source or supplier thereof, <u>for the years 1993 to 2004, and, to the extent available, to present in 2005</u>. (emphasis added.)

**INTERROGATORY NO. 6**:  Identify each good or service of Defendants that Audi contends whether the <u>Domain Name [*audisport.com*.] registrant has any "legitimate interests" in respect of the Domain Name</u>. (emphasis added.)

**INTERROGATORY NO. 7**:  <u>Identify each good or service that Plaintiffs' have made efforts to register and use the cancelled mark AUDI SPORT</u> and or similar versions thereof for new generic top level domains <u>("gTLD's")</u> such as, for example, .net, .org, .edu, .gov, .edu, .mil, and .int. (emphasis added.)

**INTERROGATORY NO. 8**:  <u>Identify each good or service that Plaintiffs' have made efforts to register and use the cancelled mark AUDI SPORT</u> and or similar versions thereof for new country-code top level domains <u>("ccTLDs")</u> such as, for example, .us, .uk, .ny, .de, .jp, and .tv. (emphasis added.)

**INTERROGATORY NO. 9:**  Identify all persons that have purchased goods or services from Plaintiffs via the Website <u>bearing the cancelled mark AUDI SPORT for the years 1993 to 2004, breaking down sales by year, and, to the extent available, to present in 2005</u>. (emphasis added.)

**INTERROGATORY NO. 12:**  Specify and itemize by category Plaintiffs' total revenues derived from, or in any way related to, <u>sales of goods and services using the mark AUDI SPORT as a generic top level domains ("gTLD's") and or country-code top level domains ("ccTLDs") via the Web site for the years 1993 to 2004, and, to the extent available, to present in 2005</u>, including categories such as, for example, revenue per year from advertising, merchandise sales, and email services. (emphasis added.)

**REQUEST FOR ADMISSION NO. 1:**  Admit that Mr. D'Amato is the exclusive owner of the domain name registration *audisport.com*.

**REQUEST FOR ADMISSION NO. 2:**  Admit that on February 23, 2004, <u>Plaintiffs' knew that Champion Audi had participated with D'Amato in connection with the registered the Domain Name [*audisport.com*]</u>. (emphasis added.)

    e. Issues of the goods and services Plaintiffs have used in North America and usage of the common law of AUDI SPORT having relevance to the distinctive and famous usage of the AUDI trademarks for the time period 1993 to present

and to Defendant's counterclaims and defenses of abandonment and genericness. (as defined in the Complaint).

**INTERROGATORY NO. 13:** Identify every representation that Plaintiffs' contend is false or misleading that the Defendants expressly made in connection with the Domain Name [*audisport.com*] and state the basis for your contention.

**INTERROGATORY NO. 14:** Identify where <u>Defendants' website is targeted to loyal customers and enthusiasts of Audi that you contend is making a commercial use that Defendants expressly made in connection with the Domain Name [*audisport.com*]</u> and state the basis for your contention. (emphasis added.)

**INTERROGATORY NO. 15:** Identify every attempt to capitalize on and profit from the substantial goodwill of Plaintiffs in a way likely to cause potential purchasers of Defendants' products and services, as well as the public at large, to believe that Defendants' products are affiliated with, authorized, sponsored by, or endorsed by Audi that you contend Defendants expressly made in connection with the <u>Domain Name [*audisport.com*]</u> and state the basis for your contention. (emphasis added.)

**INTERROGATORY NO. 16:** Describe in detail all facts supporting Plaintiffs' Fifth Claim for Relief that "Defendants with knowledge of and with intentional disregard of Audi's rights, continue to advertise, promote, and sell services and products using the Audi Trademarks or counterfeits and confusing imitations thereof," as set forth in Plaintiffs' Claim Five, ¶54.

**INTERROGATORY NO. 17:** Describe in detail all facts supporting Plaintiffs' Fifth Claim for Relief that "Defendants acts constitute willful infringement of Audi's exclusive rights in the Audi Trademarks, <u>in violation of the common law</u>," as set forth in Plaintiffs' Claim Five, ¶55. (emphasis added.)

**INTERROGATORY NO. 18:** Describe in detail all facts supporting Plaintiffs' prayer for relief that "Defendants be ordered to transfer to Audi the registrations for the domain name AUDISPORT.COM."

  f. Issues of Plaintiffs' claims of the Complaint and discovery of facts supporting them *inter alia* how Plaintiffs' have used in North America at common law the alleged mark AUDI SPORT having relevance to the distinctive and famous usage of the AUDI trademarks for the time period 1993 to present and to

>> Defendant's counterclaims and defenses of abandonment and genericness. (as defined in the Complaint).

**INTERROGATORY NO. 19:**  Describe in detail Plaintiffs' calculation of damages to be awarded under law.

**INTERROGATORY NO. 20:**  Describe in detail <u>all facts supporting Plaintiffs' prayer for relief for awarding "statutory damages in the amount of $100,000.00"</u> or any other statutory amount allowable under law.  (emphasis added.)

> g. Issues of Plaintiffs' claims of damage under the Complaint and discovery of facts supporting *inter alia* how Plaintiffs' have used in North America at common law the alleged mark AUDI SPORT having relevance to the distinctive and famous usage of the AUDI trademarks for the time period 1993 to present and to Defendant's counterclaims and defenses of abandonment and genericness. (as defined in the Complaint).

**INTERROGATORY NO. 21:**  Describe in detail <u>all facts and communications regarding Plaintiffs' participation with Champion Motorsport in connection with the working with D'Amato to offer for sale goods and services under the registered Domain Name</u>.  (emphasis added.)

**REQUEST FOR ADMISSION NO. 3:**  Admit that on February 23, 2004, <u>Plaintiffs' knew that other persons had participated with D'Amato in connection with the registered the Domain Name [*audisport.com*]</u>. (emphasis added.)

**REQUEST FOR ADMISSION NO. 4:**  Admit that <u>Plaintiffs' requested Champion Audi to participate with D'Amato in connection with the registered the Domain Name [*audisport.com*]</u>. (emphasis added.)

**REQUEST FOR ADMISSION NO. 5:**  Admit that <u>Plaintiffs' gave Champion Audi permission to participate with D'Amato in connection with the registered the Domain Name [*audisport.com*]</u>. (emphasis added.)

**REQUEST FOR ADMISSION NO. 6:**  Admit <u>that links for goods offered by Champion Audi under the name audi sport were supplied by Champion Audi to D'Amato in connection with the registered the Domain Name[*audisport.com*]</u>. (emphasis added.)

**DOCUMENT REQUEST NO. 2:**  The "signed agreement" Champion Audi obtained from Audi of America and any drafts thereof in connection with linking and selling good and services on the registered Domain Name [*audisport.com*]. (emphasis added.)

**DOCUMENT REQUEST NO. 3:**  All documents relating to or evidencing Plaintiffs' total costs related to operation of audi sport racing for the years 1993 to 2004, and, to the extent available, 2005. (emphasis added.)

**DOCUMENT REQUEST NO. 4:**  All documents consisting of or reflecting communications with Internet users via the Website to police the mark AUDI SPORT up to 1993, and to the extent available, for the years 1993 to 2004, and, to the still further extent available, 2005. (emphasis added.)

**DOCUMENT REQUEST NO. 5:**  All documents consisting of or reflecting communications with any distributor, dealership, employee, agent, or representative of Plaintiffs, including, for example, emails sent to or received from Plaintiffs' employees, agents, or representatives to employees, agents, or representatives at Champion Audi regarding the registered Domain Name [*audisport.com*]. (emphasis added.)

**DOCUMENT REQUEST NO. 6:**  All documents consisting of or reflecting communications with any distributor, dealership, employee, agent, or representative of Plaintiffs, including, for example, emails sent to or received by from Plaintiffs' employees, agents, or representatives to employees, agents, or representatives regarding the registered Domain Name [*audisport.com*]. (emphasis added.)

**DOCUMENT REQUEST NO. 7:**  All documents consisting of or reflecting communications with any distributor, dealership, employee, agent, or representative of Plaintiffs, including, for example, emails sent to or received from Plaintiffs' employees, agents, or representatives to employees, agents, or representatives at Champion Audi regarding "audi sport". (emphasis added.)

**DOCUMENT REQUEST NO. 8:**  All documents submitted to the United States Patent and Trademark Office relating to any application that Defendants have filed for the Audi Trademarks and the now cancelled AUDI SPORT trademark or trade dress registration, including file wrappers, applications, and documents filed in any opposition proceedings. (emphasis added.)

    h. Alter ego issues relating to Defendant's claims and Motion for Joinder that Champion Audi and Audi worked together then and now to develop the commercial site at *audisport.com*. Discovery of facts supporting *inter alia* how Plaintiffs' have used in North America at common law the alleged mark

AUDI SPORT having relevance to the distinctive and famous usage of the AUDI trademarks for the time period 1993 to present and to Defendant's counterclaims and defenses of abandonment and genericness. (as defined in the Complaint).

**INTERROGATORY NO. 22:**   Explain the basis for Plaintiffs' denial or failure to admit any of the items requested to be admitted in Defendants' First Set of Requests for Admissions to Plaintiffs' that Plaintiffs do not admit.

**INTERROGATORY NO. 23:**   Identify each document that Plaintiffs intend to offer into evidence at the trial of this action, or any hearing in this action, and separately with respect to each such document, identify each person who Plaintiffs expect to testify with respect to such document or other thing.

**INTERROGATORY NO. 24:**   Explain the basis for Plaintiffs' contention that the <u>audi sport has become famous and distinctive worldwide through Audi's continuous and exclusive use in connection with Audi's products and services</u>.  (emphasis added.)

**INTERROGATORY NO. 25:**   Explain the basis for Plaintiffs' contention that <u>Audi has well-known prior rights in the mark AUDI SPORT, and detail Audi's continuous and exclusive use of AUDI SPORT in connection with Audi's products and services, or lack thereof</u>.  (emphasis added.)

    **i.** Miscellaneous issues relating to Plaintiffs' claims and Defendant's counterclaims, Motion for Joinder, and how Champion Audi and Audi worked together then and now to develop the commercial site at *audisport.com*. Discovery of facts supporting *inter alia* how Plaintiffs' have used in North America at common law the alleged mark AUDI SPORT having relevance to the distinctive and famous usage of the AUDI trademarks for the time period 1993 to present and to Defendant's counterclaims and defenses of abandonment and genericness. (as defined in the Complaint).

**DOCUMENT REQUEST NO.1:** All documents relating to the opinions of any expert witness you expect to testify at trial, including documents, data compilations, summaries, survey data, survey answers, survey questions, or other material any expert considered in formulating any opinions, and including any draft expert reports or communications with you, your counsel, other experts, or anyone else working on your behalf.

  j.   Miscellaneous document issues relating to Plaintiffs' claims and Defendant's counterclaims, Motion for Joinder, and how Champion Audi and Audi worked together then and now to develop the commercial site at *audisport.com*. Discovery of facts supporting *inter alia* how Plaintiffs' have used in North America at common law the alleged mark AUDI SPORT having relevance to the distinctive and famous usage of the AUDI trademarks for the time period 1993 to present and to Defendant's counterclaims and defenses of abandonment and genericness. (as defined in the Complaint).

Dated: Thursday, April 21, 2005.

By: /s/ Damian Wasserbauer

Damian G. Wasserbauer, Esq.
**INTELLECTUAL PROPERTY ADVISORS LLC**
PO Box 156
Canton, CT 06019
Tel.: (860) 966-0989
Fax: (860) 693-1674

Adam B. Strauss (P53319)
**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Tel.: (248) 203-0764
Fax: (248) 203-0763

/s/ Sonia Stickles

My Commission Exp. Dec. 31, 2007

IP ADVISORS LLC
PO BOX 156
CANTON, CT 06019

DEFENDANTS RULE 56(f) AFFIDAVIT - 13

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2005 a copy of Defendant's Rule 56(f) Affidavit was mailed via first class mail to:

**The Plaintiffs by and through Counsel**

*Via ECF e-mail*

**Edward C. Cutlip, Esq.**
Kerr, Russell & Weber, PLC
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-5499

*Via Mail*

**Gregory D. Phillips, Esq.**
Howard, Phillips & Andersen
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102

_____
Damian G. Wasserbauer