UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDI AG and VOLKSWAGON
of AMERICA, INC.

       Plaintiffs,               CASE NO. 04-70665

-vs-                                     PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

BOB D'AMATO d/b/a
QUATRO ENTHUSIASTS

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
APPEAL OF MAGISTRATE JUDGE CAPEL'S ORDER**:

**(1) GRANTING PLAINTIFF'S MOTION FOR SANCTION REGARDING D'AMATO'S
DISCOVERY ABUSES;**

**(2) DENYING D'AMATO'S MOTION TO JOIN CHAMPION MOTORSPORT AS A
PARTY DEFENDANT; AND**

**(3) DENYING D'AMATO'S MOTION TO COMPEL DEPOSITION DISCOVERY AND
AMEND SCHEDULING ORDER.**

**BACKGROUND:**

Bob D'Amato ("Defendant") brings forth a Federal Rule of Civil Procedure 72(a) appeal of an Order entered by Magistrate Judge Capel on May 3, 2005, granting Plaintiffs' Motion for Sanctions Regarding D'Amato's Discovery Abuses and denying D'Amato's Motion to Join Champion Motorsport as a Party Defendant and D'Amato's Motion to Compel Deposition Discovery and Amend Scheduling Order (the "Order").

1

Federal Rule of Civil Procedure 72(a) provides:

> (a) Nondispositive Matters.  A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter.  Within 10 after being served with a copy of the magistrate judge's order, a party may serve and filed objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the matter is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be *clearly erroneous* or *contrary to law*.

(Italics added).  As set forth below, the Court affirms the Order in its entirety.  Magistrate Judge Capel's three holdings are discussed below.

      A.      Magistrate Judge Capel's Granting Audi's Motion for Sanctions

The Court finds that Magistrate Judge Capel properly granted Audi's Motion for Sanctions brought pursuant to Federal Rule of Civil Procedure 37.  Defendant produced approximately 33 emails interspersed among 1600 pages of incomprehensible typing on the last business day before his deposition which resulted in the last minute cancellation of that deposition.

The Sixth Circuit has provided that four factors are to be considered when reviewing a decision by a district court to impose sanctions under Rule 37 set forth below:

> [t]he first factor is whether the party's failure to cooperate in discovery is due to willingness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir. 1997).  The Court finds that there is ample evidence to support Magistrate Judge Capel's finding as to the first two *Freeland* factors, which are most pertinent.  There is evidence supporting that notion that Defendant's failure to

cooperate in discovery was due to willingness, bad faith, or fault and Plaintiffs were prejudiced based on the sheer volume of indecipherable information provided to Plaintiffs pertaining to a deposition scheduled the next business day.  As noted above, Defendant produced approximately 33 emails interspersed among 1600 pages of incomprehensible typing.  For purposes of illustration, the Plaintiff attached as Exhibit A 59 pages of undecipherable information which was provided by Defendant.  (Plaintiffs' Response, Ex. A).  The Court agrees with Magistrate Judge Capel's finding that discovery materials in this undecipherable form are unacceptable, particularly when the materials are needed to prepare for an imminent deposition.  The Court holds that Magistrate Judge Capel properly required Defendant to pay $1,000 to compensate Plaintiff for its expenses incurred in canceling the deposition and filing its sanctions motion.

      B.     Magistrate Judge Capel's denial of Defendant's Motion to Compel Deposition Discovery and Amend the Scheduling Order

The Court finds that Magistrate Judge Capel properly denied Defendant's Motion to Compel Deposition Discovery and Amend the Scheduling Order.  Defendant sought to compel the deposition of Plaintiffs.  Defendant served a notice of deposition after hours on February 28, 2005, which was the deadline set in the Scheduling Order and the deadline for all discovery.  The Court finds that Magistrate Judge Capel properly denied Defendant's Motion to Compel Deposition Discovery because of the untimeliness of Defendant's notice of deposition.  The Court in *Shroyer v. Vaughn,* 2002 WL 32144316 (N.D. Ind. 2002)  found discovery untimely when a pro se party "waited until the last minute to initiate this latest barrage of discovery, none of which could be completed, by its own terms, before the close of discovery." (*Id.* at *2).  The Court finds Defendant's discovery request similarly untimely.  Accordingly, Magistrate Judge

Capel's ruling was not clearly erroneous. Furthermore, Magistrate Judge Capel properly denied Defendant's Motion to Amend the Scheduling Order because the discovery sought by Defendant related to an alleged abandonment of Plaintiffs' mark, which was an issue that Defendant was aware of at least as early as December 14, 2004. (Plaintiff's Ex. 1, Hearing Transcript at 19-20). Accordingly, the Court finds that Magistrate Judge Capel's determination was not clearly erroneous.

      C.      Magistrate Judge Capel's denial of Defendant's Motion to Join Champion Motorsport as a Party.

The Court finds that Magistrate Judge Capel properly denied Defendant's Motion to Join Champion Motorsport as a Party. Defendant filed its Motion to Join Champion Motorsport on February 28, 2005, the last day of discovery. Defendant's Motion was brought under Federal Rule of Civil Procedure 19 and in the alternative for leave to amend its pleadings under Federal Rule of Civil Procedure 15, in order to amend its own claims for relief under Federal Rule of Civil Procedure 13(h) and/or permissive joinder of additional parties under Federal Rule of Civil Procedure 20.

      Magistrate Judge Capel stated at the hearing:

> There is already a ruling as to their status and to wait till the last minute when they're unable to conduct discovery if you knew and you were claiming that they were a necessary party and there's no intervening factors that would permit it other than your decision to wait after this motion to dismiss, I don't find that acceptable, motion denied.

(Plaintiff's Ex. 1, Hearing Transcript at 18). Defendant contends that Magistrate Judge Capel failed to address his request for leave to amend its pleadings under Federal Rule of Civil Procedure 15, in order to amend its own claims for relief under Federal Rule of Civil Procedure 13(h) and/or permissive joinder of additional parties under Federal Rule of Civil Procedure 20.

The Court finds that Rule 20 applies to counterclaims under Rule 13(h).  *Church Mut. Ins. Co. v. Save-a-Buck Car Rental Co.,* 201 F.R.D. 440 (W.D. Mich. 2000).   Rule 20(a) provides in pertinent part:

> (a) Permissive Joinder.  All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.  All persons (and any vessel, cargo, or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of fact or law, or fact common to all defendants will arise in the action....

Fed. R. Civ. P. 20(a).  The Court notes that:

> the many opinions which address the Federal Rules of Procedure generally, and joinder specifically, express the ideal that the rights of all parties should be adjudicated in one action whenever possible and that the Rules are intended to avoid circuity and multiplicity, to promote judicial economy and facilitate expediency....This Court, however, has equal concerns for the protection of the rights of a party against prejudice, delay or confusion.  A trial court must carefully consider and weigh all of those purposes and analyze each case on its own facts.

*McCormick v. Mays et al.,* 124 F.R.D. 164, 168 (S.D. Ohio 1988).  The Court agrees with Magistrate Judge Capel's finding, particularly because Defendant could not articulate a reason for his decision to wait until the discovery cutoff date to file his motion to join Champion Audi.  The Court finds this delay unacceptable and unduly prejudicial to Plaintiffs.  Under these circumstances, Magistrate Judge Capel's determination was not clear error.

Further, as noted in this Court's October 19, 2004 Order Denying Defendant's Motion to Dismiss, Champion Audi had no authority to allow the use of Plaintiffs' trademarks.  The Court notes that Plaintiff testified that Bob Skal represented to him that Audi had authorized his use of their trademarks.  (D'Amato's Dep. at 55).  On the other hand, Plaintiffs bring forth evidence

5

demonstrating that Bob Skal is not affiliated with Champion Audi in any capacity. (Plaintiffs' Motion in Opposition to Defendant's Motion, Ex. 2, Carlson Aff. ¶7). Further, even if Champion Motorsport encouraged or cooperated in the alleged infringement of Plaintiffs' trademarks, the Court finds that Champion Motorsport is not an indispensable party to this lawsuit under Federal Rule of Civil Procedure 19, as one Court provided;

> Since joint tortfeasors are jointly and severally liable, the victim of trademark infringement may as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit ... are not indispensable parties.

*Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.,* 647 F.2d 200, 207 (D.C. Cir. 1981). The also finds that Defendant has waived the defense of joinder because it was not raised in his answer or pre-answer motion. Defendant has asserted that Champion Motorsport authorized his actions from the onset of this litigation. As the Court in *Church Mut. Ins. Co. v. Save-a-Buck Car Rental Co., infra* provided "the court finds that Save-a-Buck has waived the defense of Rule 19 joinder, by failing to assert it in either its answer or a pre-answer motion." (*Id.* at 443). Here too, Defendant has waived the defense of Rule 19 joinder. Thus, for all the reasons set forth above, the Court finds Magistrate Judge Capel properly denied Defendant's Motion to Join Champion Audi.

**CONCLUSION:**

The Court finds that Plaintiff has failed to demonstrate that Magistrate Judge Capel's rulings were clearly erroneous under Federal Rule of Civil Procedure 72(a). Therefore, the Court denies affirms Magistrate Judge Capel's Order granting Plaintiff's Motion for Sanctions Regarding D'Amato's Discovery Abuses and denying D'Amato's Motion to Join Champion Motorsport as a Party Defendant and D'Amato's Motion to Compel Deposition Discovery and

Amend Scheduling Order.

**SO ORDERED.**

                s/Paul D. Borman
                PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

Dated:  June 17, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 17, 2005.

                s/Jonie Parker
                Case Manager