## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AUDI AG,
et al.,

                **Plaintiffs,**              **CIVIL ACTION NO. 04-CV-70665-DT**

     **vs.**

                                   **DISTRICT JUDGE PAUL D. BORMAN**

BOB D'AMATO,               **MAGISTRATE JUDGE MONA K. MAJZOUB**
et al.,

                **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Plaintiffs should be awarded attorney fees in the amount of $139,264.50 and the costs of Counsel Phillips' travel in the amount of $698.39 pursuant to Plaintiffs' Declaration of Attorney's Fees and Costs filed on August 22, 2005 (docket no. 60).

Defendants' request for leave to file a Sur-Reply Brief should be granted.

**II.**    **REPORT:**

    *A.*    *Procedural History and Facts*

This matter comes before the Court on the Plaintiffs' Declaration of Attorney's Fees and Costs filed on August 22, 2005. (Docket no. 60). This matter was referred for decision to the undersigned on December 10, 2006.[1] (Docket no. 78). Defendants have submitted an Opposition to Audi's Declaration of Attorney's Fees and Costs. (Docket no. 62). Plaintiffs have submitted a Reply brief. (Docket no. 64). Defendants have also sought leave of court to file a Sur-Reply (docket no. 67), and

---

[1] The Sixth Circuit has found that "motions for sanctions, fees and costs are *not* to be *determined* by a magistrate judge." *Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993) (emphasis in original). The Circuit's reasoning that resolution of such matters is dispositive of a claim and therefore subject to the report and recommendation requirement of Fed. R. Civ. P. 72(b) applies. Accordingly, the Court issues this Report and Recommendation.

Plaintiffs oppose that request (docket no. 69).

Audi AG and Volkswagon of America, Inc. (Plaintiffs) filed this action against Bob D'Amato, an individual d/b/a Quattro Enthusiasts (Defendants) based on the alleged infringement of its trademark registrations such as "Audi," the "Audi four ring logo," and "Quattro," in connection with Defendants' website. Plaintiffs sought a preliminary and permanent injunction, compensatory damages, treble damages, attorney's fees and costs. Defendants answered the Complaint and asserted counterclaims. On August 4, 2005 the district court granted Plaintiffs' Motion for Summary Judgment on all counts and dismissed Defendants' counterclaims. (Docket no. 54). The Court denied Plaintiffs' request for statutory damages, but granted their request for a permanent injunction and attorney fees and costs under 15 U.S.C. § 1117(a). (*Id.*) Defendants appealed that Order, but the Sixth Circuit affirmed the judgment on November 27, 2006. (Docket no. 76).

B.    *Sur-Reply Brief*

The Court finds that Defendants' Sur-Reply brief should be allowed. This Court's local rules allow the Court to order the filing of additional documents in support or opposition to a motion. E. D. Mich. LR 7.1(f). Defendants submitted their brief along with their motion. (Docket no. 67). Plaintiffs responded to the assertions in that brief in their Opposition brief. (Docket no. 69). The Court sees no prejudice to either party in accepting these additional briefs and finds that their consideration will aid in the decisional process.

C.    *Timeliness of Declaration of Attorney's Fees and Costs*

In their Declaration of Attorney's Fees and Costs, Plaintiffs ask for an award of $151, 225.00. (Docket no. 60). Two law firms actively represented Plaintiffs in this action. The lead law firm, Howard, Phillips & Andersen, P.C., was recently ranked second in *American Lawyer's* Survey of the Fortune 50 in trademark litigation. That firm billed Audi for $9,681.63 in costs and $130,962.50 in

attorney's fees.  The other firm, Kerr, Russell & Weber, billed Audi for $1,278.82 in costs and $9,302.00 in attorney's fees.  Plaintiff's counsel sets out in the brief, which was submitted under penalty of perjury, the backgrounds of each attorney claiming expenses in the case along with the number of hours charged for each attorney.  An explanation of the activity charged is listed along with each of the blocks of hours.  Counsel lists the customary hourly rate for each attorney based on intellectual property litigation in the Eastern District of Michigan and for paralegals.  Counsel also explains the bases for the costs for which they seek reimbursement.  Finally, Counsel states that the invoices submitted to Audi by these two law firms are available for the Court's *in camera* inspection.

Defendants first contend that Plaintiffs' request for attorney's fees and costs is untimely under Fed. R. Civ. P. 54(d)(2)(B).  (Docket no. 62).  This rule states that "[u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment." *Id.*  Subsection A states that claims "for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial."  Fed. R. Civ. P. 54(d)(2)(A).  Plaintiffs contend that the fourteen-day period does not apply in this case because the district court awarded attorney fees and costs under the substantive law of the action.  (Docket no. 69 at 2).

There is no doubt that the district court awarded costs and attorney fees to Plaintiffs in its final order entered on August 4, 2005.  (Docket no. 54).  This was based on the substantive law of 15 U.S.C. § 1117(a) which provides that in cases of trademark infringement the plaintiff shall be entitled to recover "costs of the action" and, in exceptional cases, reasonable attorney fees as the prevailing party.  The district court specifically found that this was an "exceptional case" in which an award of attorney fees was proper.  (Docket no. 54 at 40).  Therefore, the Court finds that this was an action in which the substantive law provided for the recovery of costs and attorney fees. *See Hairline Creations, Inc. v. Kefalas,*

-3-

664 F.2d 652 (7th Cir. 1981) (award of attorney fees one of several potential remedies for trademark infringement to be awarded at final judgment; post-judgment motion for fees was governed by Fed. R. Civ. P. 59 rather than Rule 54(d)). Plaintiffs were therefore not required to comply with the fourteen-day period for filing a motion for costs under Rule 54(d)(2)(B). The request was made as part of the request for relief in the action, and the "Declaration" was submitted to enable the Court to judge the reasonableness of the exact amounts of fees and costs claimed by Plaintiffs. Defendants' argument that Plaintiffs' submission is untimely should be rejected.

D.      *Other Bases for Opposition*

Defendants next argue that they cannot fairly challenge the claimed fees because Audi has not provided sufficient evidence to allow an analysis of the hours charged. They also raise Plaintiffs' failure to provide invoices and failure to apportion for $1000 in sanctions they have already paid.[2] (Docket no. 62 at 2). The Court is not convinced that invoices are required before Defendants may meaningfully review Plaintiffs' request. Defendants have not provided any applicable authority showing that Plaintiffs are required to provide more details such as invoices for their attorney's fees. Plaintiffs have identified the attorneys responsible for the charges, their backgrounds, and the activities and amounts charged for each type of activity listed. An affidavit has now been provided by a representative of Audi stating that the listed charges have actually been billed to Audi and that Audi has either paid them or with respect to invoices received in the last thirty days, will pay them within thirty days in the normal course of business. (Docket no. 64, ex. A). Plaintiffs agree that Defendants should be credited with the $1000 in sanctions they have already paid. (Docket no. 64 at 6).

---

[2] Defendants cite *Zeeland Farm Servs., Inc. v. JBL Enters., Inc.,* 219 Mich. App. 190 (1996) for the factors that a court applying Michigan law should consider when examining the reasonableness of attorney fees. (Docket no. 62 at 5 & n.3). However, federal law and not Michigan state law governed this case. (Docket no. 54). The *Zeeland* factors are therefore not determinative of the issue.

-4-

Defendants also contend that Plaintiffs charged for the work of Jared Cherry, a summer associate, at the rate of $120 per hour when these amounts should have been charged at the rate for a paralegal. However, the rate for paralegals listed by Plaintiffs in the Declaration is the rate of $120 per hour. Therefore, even if Mr. Cherry is designated as a paralegal the rate does not change. Defendants' contention that Plaintiffs overstaffed the action is not convincing as well. The Declaration shows that Summer Associate Cherry spent over forty hours on this action, Summer Associate Dumke spent over sixteen hours, and a paralegal was used for a half-hour. Given the nature of the claims and counterclaims at issue in the case, Defendants have not shown that this staffing method is unreasonable. Plaintiffs' Declaration states that the rates charged are the customary hourly rates charged in the area for this type of litigation, and there is no evidence to the contrary.

The Court therefore finds that Plaintiffs' request for attorney fees in the amount of $130,962.50 for Howard, Phillips & Andersen, and $9,302.00 for the firm of Kerr, Russell & Weber is reasonable. Total attorney fees are $140,264.50. This amount should be reduced by $1000 to account for the sanctions already paid by Defendants. Accordingly, Plaintiffs are entitled to $139,264.50 in attorney fees.

E.    *Costs*

The district court also awarded costs to Plaintiffs in its August 4, 2005 Order. (Docket no. 54). The items that may be reimbursed as costs under 15 U.S.C. § 1117(a) are not defined in that section. Courts have held though that costs are limited to those available under 28 U.S.C. § 1920. *Powerhouse Marks LLC v. Chi Hsin Impex, Inc.* __ F. Supp. 2d __, 2006 WL 3487622 (E.D. Mich. Dec. 4, 2006). Recoverable costs under section 1920 include fees of the Clerk and Marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily

obtained for use in the case; docket fees; and compensation of court appointed experts, compensation of interpreters, and for special interpretation services. 28 U.S.C. § 1920. Plaintiffs' Declaration lists many expenses which are not covered such as those for legal research, courier expenses, telephone costs, travel and lodging expenses, facsimile transmissions, and mailing costs. Plaintiffs list $3,104.40 in costs for Defendants' deposition including the charges for the court reporter, conference room rental, and counsel's travel and lodging expenses. A part of this amount (for the court reporter) may fall under a category of allowed costs under section 1920. However, the Court cannot separate that amount from the costs that are not allowed because Plaintiffs have joined these costs together. The same problem exists for the $108.30 in costs for copying and mailing. Accordingly, Plaintiffs have failed to show that most of their costs may be awarded and have failed to show the specific amounts for costs which may be awarded. Plaintiffs' request for $9,681.63 in costs should be denied.

The other amount of costs requested is $1,278.82. Plaintiffs simply state that these are for "outside copying charges, facsimile transmissions, and long-distance telephone charges." (Docket no. 60 at 8). Again, the Court cannot determine the possible allowable costs for copying. The other categories of expenses are not covered by section 1920. Accordingly, the Court recommends that none of this amount be awarded as costs.

Finally, there is the issue of the travel costs of Counsel Phillips related to the arguing of Plaintiffs' summary judgment motion. Defendants agreed to pay these costs as a condition imposed by the district court on Defendants' submission of further briefing and evidence. (Docket no. 64, ex. D). Defendants state that Counsel Phillips has submitted to them a bill for $698.39. (Docket no. 62 at 5 n.2). Defendants should therefore pay this amount to Plaintiffs.

For the foregoing reasons, Plaintiffs should be awarded a total of $139,264.50 in attorney fees and no costs with the exception of the $698.39 for Counsel Phillips' travel related to the oral argument

for Plaintiffs' motion for summary judgment.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:   January 03, 2006                         s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE

**<u>PROOF OF SERVICE</u>**

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 03, 2006            <u>s/ Lisa C. Bartlett                      </u>
                                           Courtroom Deputy